# Francis T. Dubie

## v.

# Cass-Warner Corporation and Robert Bugbee

[218 A.2d 694]

February Term, 1966

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed April 5, 1966

*Rosenberg and Rosenberg* and *Loveland and Hackel* for plaintiff.

*McNamara and Larrow* for defendant corporation.

*Philip A. Kolvoord* for defendant Bugbee.

**Holden, C. J.** The plaintiff was injured while working on a construction project in Winooski, Vermont on April 21, 1961. He was in the employ of Sewall and Smith Construction Company at the time of the accident. His employer has expended $6,908.80 for the plaintiff's benefit under the Workmen's Compensation Law.

The present action is to establish liability in the defendant, Cass-Warner Corporation, and its employee, Bugbee, as third party participants in the accident which gave rise to the plaintiff's injuries. The defendant, Bugbee, was the operator of heavy mechanized equipment at a construction site in which Sewall and Smith Construction Company was the main contractor.

The final award of workmen's compensation was made on May 31, 1963. The present action was commenced the following June. Notice, by registered mail, was not sent by the plaintiff to his employer, the compensation carrier, nor to the commissioner of industrial relations, as provided in 21 V.S.A. §624. However, the parties have stipulated to the fact that counsel for the employer and insurance carrier have participated in the preparation of the pleadings and have shared in certain expenses of the present action.

The original complaint alleged the amount of payment under the Workmen's Compensation Law and further stated "This action is being brought for the benefit of Sewall and Smith Construction Company up to this amount ($6,908.80) and for the benefit of the plaintiff for the balance herein claimed as damages."

The plaintiff was later allowed to amend the complaint which, among other things, deleted the allegation concerning the payment of workmen's compensation under the statute. The defendant moved to dismiss the complaint as amended. The motion was denied by the trial court. The defendants bring the question for review before final judgment under the provisions of 12 V.S.A. §2386.

"1. In a third-party suit under Ttile 21, V.S.A. §624, where compensation has been paid the injured employee, is it necessary to plead the fact that compensation has been paid, the amount thereof, and the name of the compensation carrier who has made the payment?"

The statute which authorizes this suit furnishes no direct answer.

Prior to 1959, the Workmen's Compensation Law made acceptance of benefits a bar to any other suit for recovery for the injury by the injured employee. V.S. '47 §§ 8076 and 8078; P. L. §§ 6509 and 6511. Where the employee elected compensation under the law,

the statute preserved only a right in the employer, by way of subrogation, to recover against the tort-feasor. *Towne* v. *Rizzico,* 113 Vt. 205, 211, 32 A.2d 129, held that the pleadings in the case should show this in order that the record demonstrate, in support of the judgment, that the action was not barred because the employee had had compensation. In that case, amendment of the pleadings was allowed in this Court to support the judgment.

With the amendment of 21 V.S.A. §624 (V.S. '47 §8078) by No. 232 of the Acts of 1959, specifically reversing the election provision and removing the bar formerly imposed by acceptance of compensation, the necessity for the rule of *Towne* v. *Rizzico,* supra, 113 Vt. 205, 211, no longer applies. Receipt of statutory compensation has no relevance with respect to the employee's right to sue the tort-feasor. The wrongdoer is not entitled to credit for compensation payments, from outside sources, against the damages he brought about. *D'Archangelo* v. *Loyer,* 125 Vt. 325, 329, 215 A.2d 520, 523.

The answer to the questions certified must be given in the context of this case at the time the issue was raised,-not in the abstract. *Powers* v. *State Highway Board,* 123 Vt. 1, 5, 178 A.2d 390. In this third party suit, at the time of challenge, the complaint was not fatally deficient for failing to plead the facts relative to compensation or name the carrier involved.

Our answer cannot be given in the broad language of the question certified . We recognize that actions might arise where the issues presented by the pleadings might require the joinder or intervention of an employer or his compensation carrier. Under such circumstances our rules of procedure are sufficiently flexible to entrust such participation to the control and direction of the trial court, as in *Harris* v. *General Coach Work,* 37 F.R.D. 343 (U.S. Dist. Ct., Mich. 1964).

The second question, as certified by the court, is:

"2. Do the facts as set forth in a stipulation filed by counsel in this case relieve the plaintiff of a literal compliance with the provisions of 21 V.S.A. 624, as regards notice and does such a failure of literal compliance become a bar to a third-party action?"

The related provisions of 21 V.S.A. §624 specify:

If the injured employee or his personal representative does not commence the action within one year after the occurrence of the personal injury, then the employer or its compensation insurance carrier may, within the period of time for the commencement of actions prescribed by statute, enforce the liability of the third party

in the name of the injured employee or his personal representative. Not less than thirty days before the commencement of suit by any party under this section, the party shall notify, by registered mail at their last known address, the commissioner of industrial relations, the injured employee, or in the event of his death, his known dependents, or personal representative or his known next of kin, his employer and the workmen's compensation insurance carrier. Any party in interest shall have a right to join in the suit but the direction and control of said suit shall be with the injured plaintiff.

It is stipulated that no notice by registered mail was given to any of the persons specified in the statute prior to the commencement of the action. It appears from the record that suit was not started for more than a year after the plaintiff's injuries were sustained. The defendant, Cass-Warner Corporation, contends these variances from the statute bar the action.

■ It is manifest from the full text of the 1959 amendment that the purpose of the enactment is to save the injured workman's common law action, subject only to the employer's subrogation for compensation previously awarded. This objective refutes any legislative intent to erect technical procedural barriers against the enforcement of the rights thus conferred.

■ Since the act provides a right of recovery to both the employee and the subrogee who has paid him, it is required that neither shall proceed without notice to the other. This enables either to intervene to protect his legitimate interest in the controversy, if he so desires. 2 Larson, Workmen's Compensation Law, supra, §73.30.

In this instance, all are agreed within thirty days before the commencement of the action the injured workman, Dubie, notified counsel for his employer and its compensation carrier of his intention to commence suit. The employer and its carrier agreed to join and participate in this third party action. There is no prejudice to the defendant that one or more of the prospective claimants and the commissioner of industrial relations was not notified by registered mail of the impending action, as specified in the statute, provided he understands their interests in the suit and the claims he is called upon to defend.

■ Neither should the defendant be concerned with the notice given to the commissioner of industrial relations. The commissioner has an official interest in third party action in the proper discharge of his administrative responsibility under the Workmen's Compensation Law. And the lawmakers undoubtedly had in mind it would be well for the

public at large to have access to such information by way of the office of the commissioner. The provision for notice to the commissioner is not a jurisdictional requirement. Neither does it concern the liability of any party. We can find no legislative purpose in the words of the statute to defeat liability of the third party for want of technical notice among the claimants and the commissioner.

The statute conditions the employer-subrogee's authority to commence the action at his own initiative upon the failure of the injured workman to sue within one year from the date of his injury. Accordingly, for the first year following the injury, the decision, as to whether or not the action will be commenced rests entirely with the injured workman. Thereafter, either the injured plaintiff, his employer or the compensation carrier may commence suit "within the period of time for the commencement of actions prescribed by statute . . . ." Without regard to which party commences the suit, the statute affords any party in interest the right to join in the proceeding.

The notice requirement is imposed for the benefit of the injured employee or his employer, according to which one institutes the action. Either of these parties in interest may waive the requirement by acquiescence. *Poetz* v. *Mix*, 7 N.J. 436, 81 A.2d 741, 747.

In this instance both claimants seek enforcement of their respective interests against the defendant by acting in concert, in the name of the injured employee. We hold their actions are not barred by the failure to give notice between the claimants by registered mail. Neither are they foreclosed by the employee's delay in the commencement of his action until after a year from the date of his injury.

The remaining question relates to the defendant Bugbee's motion to dismiss the action as to him on the ground he is not a "third party" under the provisions of 21 V.S.A. §624. His failure to file any brief on the point waives the question in this Court.

*With the limitation indicated in the opinion, Question 1 is answered in the affirmative. The first part of Question 2 is answered in the affirmative. The second part of Question 2 is answered in the negative. Cause remanded.*