### Paul A. Libercent, Jr. v. Frank E. Aldrich, et al.

[539 A.2d 981]

No. 84-301

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes,** * **JJ.**

Opinion Filed November 6, 1987

Motion for Reargument Denied December 16, 1987

---

* Justice Hayes was present at oral argument, but did not participate in this decision.

*M. Jerome Diamond, Kenneth A. Clarke, and Matthew I. Levine,* Law Clerk (On the Brief), of *Diamond & Associates, P. C.,* Montpelier, for Plaintiff-Appellee.

*John J. Easton, Jr.,* Attorney General, *Thomas R. Viall and John K. Dunleavy,* Assistant Attorneys General, and *Fiona Farrell* Law Clerk (On the Brief), Montpelier, for Defendants-Appellants.

**Peck, J.** Defendants, employees of the State of Vermont, bring this interlocutory appeal from the trial court's denial of their motion to dismiss a negligence action brought by a fellow state employee.

The questions certified for appeal by the lower court are as follows:

> 1. Whether a state employee who was injured performing his duties as a state employee who received workers' compensation can maintain an action against a fellow state employee, for acts or omissions in the course of his state employment, pursuant to Title 21 V.S.A. § 624.

2. Whether Plaintiff's claim against the Defendants, for which provision has been made pursuant to the Workers' Compensation Act, 21 V.S.A. Chapter 9, is barred by sovereign immunity pursuant to 12 V.S.A. § 5602(7).

We answer the first of these questions in the affirmative and the second in the negative.

At the time of his injury, plaintiff was employed as a truck driver for the state highway department. In his complaint he alleges that, during significant portions of 1980 and 1981, he was assigned a truck that had steering problems and a leaking gas tank. He alleges further that he made 37 weekly reports during these time periods, specifically noting the vehicle's faults. Moreover, plaintiff states that he demonstrated the steering difficulties to the highway department's maintenance workers and requested the necessary repairs. While he was driving his route on October 26, 1981, the steering mechanism failed and caused him to lose control of the vehicle. The truck left the roadway, overturned twice, and caught fire. Plaintiff was trapped in the vehicle and sustained severe injuries, but a passing motorist was able to rescue him before the truck exploded. Thereafter, he applied for and received workers' compensation benefits.

On November 14, 1983, plaintiff filed a third-party action in Washington Superior Court, alleging negligent acts and omissions by supervisory and maintenance personnel of the highway department. On December 19, 1983, defendants filed a motion to dismiss and for summary judgment on two grounds: first, that the workers' compensation benefits were his exclusive remedy under 21 V.S.A. § 622, and, second, that the action was barred by the doctrine of sovereign immunity. The trial court denied the motions, but granted defendants' subsequent motion for permission to appeal pursuant to V.R.A.P. 5(b)(1).

I.

The general rule under Vermont's workers' compensation scheme is that its rights and remedies are exclusive:

The rights and remedies granted by the provisions of this chapter to an employee on account of a personal injury for which he is entitled to compensation under the provisions of this chapter shall exclude all other rights and remedies of

such employee, his personal representatives, dependents or next of kin, at common law or otherwise on account of such injury.

21 V.S.A. § 622. However, plaintiff's claims are based on the so-called "dual liability" exception under 21 V.S.A. § 624(a), which provides in pertinent part:

> Where the injury for which compensation is payable under the provisions of this chapter was caused under circumstances *creating a legal liability in some person other than the employer* to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but the injured employee or his personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section.

(Emphasis added.) Plaintiff argues that his co-workers are persons other than his employer and that his action naming them as defendants can be maintained under § 624(a), despite his acceptance of workers' compensation.

In *Herbert* v. *Layman* this Court recognized that a co-worker is "some person other than the employer" for purposes of the dual liability provision of § 624, and held that negligence actions against fellow employees are maintainable, even where those employees act in a supervisory capacity. 125 Vt. 481, 483-84, 218 A.2d 706, 708 (1966). The acceptance of workers' compensation by a plaintiff will not bar a subsequent suit against the nonemployer wrongdoer. *Id.* at 486, 218 A.2d at 710; see also *Dubie* v. *Cass-Warner Corp.*, 125 Vt. 476, 478, 218 A.2d 694, 696 (1966). Third-party suits against co-employees are supported by both the plain language of § 624(a) and "by the argument that existing rights of action should not be deemed destroyed in the absence of clear language . . . ." *Herbert*, 125 Vt. at 484, 218 A.2d at 709 (citation omitted).

Under workers' compensation the employee gives up the right to sue his employer for negligence and possibly receive a large damage award. In exchange, the employee is entitled to prompt compensation for injuries arising out of the employment relationship without having to prove the employer's fault. *Kittell* v. *Ver-*

*mont Weatherboard, Inc.,* 138 Vt. 439, 441, 417 A.2d 926, 927 (1980). However, "in the exchange for sure and swift compensation the worker has given up the right to sue his employer but not his fellow employee, because the fellow employee is not a party to such an agreement and has given up nothing in return for such an immunity." *Hebert,* 125 Vt. at 484, 218 A.2d at 709.

In the instant case, plaintiff has a right to his common law negligence action against his co-employees to test his allegations that they failed to provide him with a safe and defect-free motor vehicle with which to perform his job. The fact that the plaintiff is a public rather than a private employee does not alter this right. The language of § 624 does not distinguish between public and private employees. The purpose of the statute, to preserve the injured worker's common law rights of action, *Dubie,* 125 Vt. at 479, 218 A.2d at 697, applies with equal force to employees in the public sector. Suits against co-workers in the public sector may be precluded, however, if the employees are protected by official immunity.

Although both parties have adopted the term "sovereign immunity" to refer to the defense raised below, "official immunity" is a more accurate description. See *Tilton* v. *Dougherty,* 126 N.H. 294, 297-98, 493 A.2d 442, 444 (1985). These two concepts represent distinct doctrines that differ in their application. Sovereign immunity shields the state from suit in its own courts and confers immunity from liability for torts committed by its officers and employees. Official immunity, on the other hand, shields the state officials and employees themselves in certain circumstances. *Id.* at 297, 493 A.2d at 444; see *DeStafney* v. *University of Alabama,* 413 So. 2d 391 (Ala. 1981); *Ross* v. *Consumers Power Co.,* 420 Mich. 567, 363 N.W.2d 641 (1984); *Larson* v. *Independent School District,* 289 N.W.2d 112 (Minn. 1979); *Smith* v. *Cooper,* 256 Or. 485, 475 P.2d 78 (1970); *Cords* v. *Anderson,* 80 Wis. 2d 525, 259 N.W.2d 672 (1977); W. Prosser, Handbook of the Law of Torts § 132 (4th ed. 1971). The doctrine of official immunity has not been applied to state officers in Vermont, but the principle involved has been applied in cases where the liability of a municipal officer was at issue. See *Marshall* v. *Town of Brattleboro,* 121 Vt. 417, 424, 160 A.2d 762, 769 (1960) (immunity of municipality does not attach to its employees); *Nadeau* v. *Marchessault,* 112 Vt. 309, 313, 24 A.2d 352, 355 (1942); *Ferraro* v. *Earle,* 105 Vt. 243, 246, 164 A. 886, 887 (1933) (municipal officer is personally

liable for injuries caused by his negligence when the breached duty was ministerial).

In most jurisdictions, two degrees of official immunity from tort liability are recognized. See *Ross*, 420 Mich. at 632, 363 N.W.2d at 667; Prosser at 987-88. Absolute immunity is generally afforded to judges (with limited exceptions not relevant here), legislators, and the highest executive officers, where the acts complained of are performed within their respective authorities. Only qualified official immunity is extended to lower level officers, employees, and agents. The general rule is that such individuals are immune from tort liability only where they are: "1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority; 2) acting in good faith; and 3) performing discretionary, as opposed to ministerial acts." *Ross*, 420 Mich. at 633-34, 363 N.W.2d at 667-68; see *Ferraro*, 105 Vt. at 246, 164 A. at 888.

Here, the central issue is whether the allegedly negligent acts and omissions of the defendants are better described as "discretionary" or as "ministerial." Whether qualified official immunity exists in a particular situation depends upon the nature of the specific acts and omissions complained of, and not upon the nature of the office held or the general nature of the activity involved. *Ross*, 420 Mich. at 635, 363 N.W.2d at 668. This rule allows the state officer or employee sufficient freedom to determine the best method of carrying out his or her duties, while ensuring that those duties are fulfilled in a conscientious manner. *Id.* Our cases have defined a discretionary duty as one requiring the exercise of judgment in its performance, and a ministerial duty as one where "nothing is left to discretion — a simple and definite duty, imposed by law, and arising under conditions admitted or proved to exist." *State* v. *Howard*, 83 Vt. 6, 14, 74 A. 392, 395 (1909); see *Vermont Fruit Co.* v. *Wilson*, 92 Vt. 112, 116, 102 A. 1044, 1046 (1918).

We hold that the duty to maintain and repair a state motor vehicle, on the facts stated here, is simple and definite enough to fall within the definition of a ministerial duty. We recognize that, as in the analogous context of sovereign immunity, these formalistic labels "represent conclusions reached after evaluation of the essential factors, rather than helpful guides to classification . . . ." *Roman Catholic Diocese of Vermont, Inc.* v. *City of Winooski Housing Authority*, 137 Vt. 517, 520, 408 A.2d 649, 651

(1979). However, taking the facts alleged in the complaint as true for purposes of this opinion, *Wilbur* v. *University of Vermont*, 129 Vt. 33, 36, 270 A.2d 889, 892 (1970), it is clear that some or all of the defendants owed to plaintiff an absolute duty to perform periodic inspections to ensure that the assigned vehicle was roadworthy, especially in the light of the reports alleged to have been made by the plaintiff. While the exercise of judgment is undoubtedly necessary in performing vehicle maintenance, the degree of decision-making required on these facts was not sufficient to render the duty a discretionary one. "Discretion implies the right to be wrong." *Williams* v. *City of Detroit*, 364 Mich. 231, 261, 111 N.W.2d 1, 25 (1961) (Edwards, J., dissenting). Here, no right to fail to inspect and maintain, or to do so negligently, can be said to have existed. Again, assuming there was in fact the alleged failure to inspect, or negligent inspections, and the establishment of a causal connection between these acts or omissions and the subsequent injuries incurred by plaintiff, we leave to the lower court the question whether each of the defendants shared in the duty to plaintiff, but hold that to the extent the defendants' acts or omissions were breaches of their ministerial duties, they are not immune from tort liability.

■ Defendants argue that because 3 V.S.A. §§ 1101-1104 obligate the state to defend an employee and expose the state to a potential claim of up to $100,000 when an employee is sued for acts or omissions done in his official capacity, plaintiff is in actuality suing the state, and the exclusive remedy of workers' compensation bars plaintiff from maintaining an action against the state, citing 21 V.S.A. § 622. We find, however, that the statutory obligation of the state to defend the defendants will not make plaintiff's case into a suit against the state. The state does not assume direct liability for the acts of an employee; rather its status is analogous to that of an insurer. The employee remains primarily liable, but he is saved the costs of defending himself and the state may choose to pay the first $100,000 of damages the employee owes. See 3 V.S.A. § 1103(a) (any judgment in such an action "shall be deemed an unforeseen emergency for purposes of subchapter 2 of chapter 3 of Title 32."); 32 V.S.A. § 133 (emergency board "shall have authority to make any expenditures necessitated by unforeseen emergencies"); 32 V.S.A. § 138 (emergency board's spending limit set at $100,000); see also *Ragosta* v. *State*, 556 F. Supp. 220, 224 (D. Vt. 1981) (any right of indemnity

which a state employee has against the state following judgment against an employee is distinct from a claim brought directly against the state); *Olmstead* v. *Britton*, 48 A.D.2d 536, 538, 370 N.Y.S.2d 269, 272 (1975) (the state does not assume direct liability for the acts of an employee under a statute requiring the state to indemnify the employee for financial loss arising out of a judgment); 3 V.S.A. §§ 1101-1104.

In the absence of an explicit statutory bar, this Court will not presume that the legislature intended to exclude state employees from potential liability under 21 V.S.A. § 624(a). Because the state's general obligation to its employees under the provisions of 3 V.S.A. §§ 1101-1104 arises independently of its liability under Vermont's workers' compensation scheme, third-party actions between fellow state employees do not contravene the plain language of § 624(a). See *United States* v. *Transport Indemnity Co.*, 544 F.2d 393, 395 (9th Cir. 1976) (workers' compensation remedy does not bar suit against third party where third party will be indemnified by employer).

## II.

■ The second question certified by the lower court is narrowly framed, asking only whether plaintiff's claim is "barred by sovereign immunity pursuant to 12 V.S.A. § 5602(7)." We hold that it is not.

Section 5602 of Title 12 is comprised of seven specific exceptions to the general waiver of Vermont's sovereign immunity provided for in § 5601. Section 5601, entitled "Liability of state," provides in relevant part:

> The state of Vermont shall be liable for injury to persons or property or loss of life caused by the negligent or wrongful act or omission of an employee of the state while acting within the scope of his office or employment . . . .

This broad consent of liability is modified by the exceptions listed in § 5602, including subsection (7), which retains immunity in the case of "[a]ny other claim for which a remedy is provided or which is governed specifically by other statutory enactment." Thus, a claim alleging injury incurred in the course of state employment would be barred by the doctrine of sovereign immunity,

if that claim were brought against the state, because a remedy is provided for such claims by the workers' compensation statutes.

The claim at issue here, however, was not brought against the state. Instead, the pleadings indicate that the claim is being made against the defendants alleging personal and individual acts and omissions. Because the terms of §§ 5601 and 5602 refer only to liability of the state, these statutes have no application to claims brought against state officers and employees. Therefore, plaintiff's claim is not barred by § 5602(7).

*The first question certified is answered in the affirmative, the second, in the negative; the cause is remanded for further proceedings.*

## ON MOTION TO REARGUE

Appellants have failed to direct this Court's attention to points of law or fact previously overlooked or misapprehended. Consequently, their motion for reargument under V.R.A.P. 40 is denied.

To the extent our opinion in *Libercent* v. *Aldrich* conflicts with *Cronin* v. *State*, 148 Vt. 252, 257, 531 A.2d 929, 932-33 (1987), *Cronin* is overruled. To the extent *Cronin* overruled *Stoneman* v. *Vergennes Union High School District #5*, 139 Vt. 50, 421 A.2d 1307 (1980), *Stoneman* is reinstated.