682 A.2d 961 (1996)
John JOHNSON and Marion Johnson
v.
STATE of Vermont DEPARTMENT OF HEALTH, Julia Schmitz and Al Burns.
No. 95-383.
Supreme Court of Vermont.
July 3, 1996.
*962 Before ALLEN, C.J., and GIBSON, DOOLEY, MORSE and JOHNSON, JJ.

ENTRY ORDER
Plaintiffs brought a tort action under the Tort Claims Act, 12 V.S.A. § 5601, against the State Department of Health (Department) and two of its employees, alleging that the Department negligently issued a lodging license for a motel that plaintiffs purchased. Defendants moved for summary judgment, arguing that sovereign immunity protects the State from suit, and qualified immunity protects the individual defendants from suit. The trial court granted the motion, and plaintiffs appeal. We affirm.
The material facts are undisputed. Plaintiffs entered into a purchase and sale agreement to purchase a motel in July of 1987. Under the agreement, their obligation to purchase the motel was contingent on receipt of necessary state and local licenses. Plaintiffs applied for a lodging license from the Department. Defendant Julia Schmitz, at the time an employee of the Department, conducted an inspection of the motel. Schmitz discovered that the owner of the motel had installed a new septic system without a permit. She contacted the Agency of Natural Resources, and was told that the system required a permit.
Schmitz first informed the owner and plaintiffs that she could not approve the license because of the problem with the septic system. The owner of the motel, however, assured Schmitz that if she approved the license he would personally guarantee that the system was in compliance, or that he would bring it into compliance. Schmitz contacted her supervisor, defendant Al Burns, who told her that she could issue the permit if the owner put his guarantee in writing. The owner wrote on the inspection report that he "agree[d] to be responsible for the submission of plans and specifications to the District Environmental Office and the repair, if necessary, to receive State approval of the septic system repairs." Schmitz then issued the lodging license to plaintiffs.
After plaintiffs purchased the motel, the previous owner failed to carry through on his promise to apply for a permit and repair the septic system if necessary. Plaintiffs claim that the cost to repair the septic system exceeds $100,000.
Plaintiffs challenge the trial court's holding that the State is protected by the doctrine of sovereign immunity. We conclude that the grant of summary judgment was proper, because the State owed no duty of care to plaintiffs under these circumstances.
To determine whether a governmental body has assumed a duty of care toward specified persons above and beyond its duty to the public at large, we consider four factors:
(1) whether a statute sets forth mandatory acts for the protection of a particular class of persons; (2) whether the government has knowledge that particular persons within that class are in danger; (3) whether those persons have relied on the government's representations or conduct; and (4) whether the government's failure to use due care would increase the risk of harm *963 beyond what it was at the time the government acted or failed to act.
Sabia v. State, 164 Vt. ___, ___, 669 A.2d 1187, 1191 (1995). In Sabia we emphasized the first factor, noting that the Department of Social and Rehabilitation Services (SRS) had a statutory mandate to investigate reports of child abuse and render appropriate services and that the stated purpose of the statute was to "`protect children whose health and welfare may be adversely affected through abuse or neglect.'" Id. at ___, 669 A.2d at 1192 (quoting 33 V.S.A. § 4911). We concluded that it was "beyond dispute" that SRS had a duty "to assist a particular class of persons to which plaintiffs belong and to prevent the type of harm suffered by plaintiffs." Id.
In this case, we cannot perceive any duty that the Department owed to persons such as plaintiffs, as distinct from the public at large. The license statute, 18 V.S.A. § 4351, does not establish any procedures or standards with which the Department must comply; rather, the only mandate is that persons such as plaintiffs, who intend to operate a lodging establishment, obtain a permit from the Department. Moreover, the general mandate placed on the Commissioner of Health is to "take cognizance of the interest of the life and health of the inhabitants of the state." 18 V.S.A. § 107(a).
The Commissioner's obligation to protect the public from health hazards is analogous to the obligation of the Commissioner of Banking, Insurance, and Securities to conduct examinations of foreign insurers to protect policyholders, and more generally to protect the public from unfair insurance practices. See 8 V.S.A. §§ 1, 3564. In Denis Bail Bonds, Inc. v. State, 159 Vt. 481, 489, 622 A.2d 495, 500 (1993), we concluded that any duty created by that statutory scheme "was for the protection of the general public," and did not run to the plaintiff, an insurer who had hired an untrustworthy agent. Similarly, here, the Department has no duty of care running to the particular class of persons to which plaintiffs belong, namely those who purchase motels that do not comply with public health regulations.
The other factors similarly weigh against finding a duty of care in this case. Plaintiffs did not rely upon the State's representations, nor did the conduct at issue increase the risk of harm to plaintiffs. Plaintiffs had full knowledge that the septic system was faulty and still chose to purchase the motel. Whether or not they received a lodging license for the motel, they knew that the problem with the septic system had to be addressed. If anything, the Department's inspection should have benefitted plaintiffs, because it brought this problem to their attention. When they chose to ignore the problem, they did so with full knowledge of the risk.
The court also held that the individual defendants were protected from suit by the doctrine of qualified immunity. "[L]ower-level government employees are immune from tort liability when they perform discretionary acts in good faith during the course of their employment and within the scope of their authority." Hudson v. Town of East Montpelier, 161 Vt. 168, 171, 638 A.2d 561, 563 (1993); see also Libercent v. Aldrich, 149 Vt. 76, 81, 539 A.2d 981, 984 (1987) (discussing doctrine of qualified immunity). We acknowledged in Hudson that the distinction between discretionary-decisional acts and ministerial-operational acts cannot be reduced to literal or dictionary definitions of the terms, but must be based on a "case-by-case examination of the act" in question. Hudson, 161 Vt. at 171-72, 175, 638 A.2d at 564, 566.
Here, we agree with the trial court that the employees of the Department of Health were carrying out a discretionary function. The decision to issue a lodging license is based on the inspector's subjective evaluation of a number of factors. The inspection report reveals no "bright-line rules" for rating any of the twenty categories, which range from "building condition" to "food handling" and "rodent and insect control," or for weighing the results in coming to a final decision. After inspecting this motel, the inspector noted two problems: that the shower stalls needed refurbishing, and that the septic system had been worked on and needed to be approved. She consulted with her superior *964 and together they decided that the license could be issued based on the owner's written promise. In hindsight, that decision may have been unwise. It was, however, within the discretion of the employees, and they are therefore protected from suit by the doctrine of qualified immunity.
Affirmed.