**AMY'S ENTERPRISES, d/b/a Vermont Breakopen and Bingo Supplies v. William SORRELL, et al.**

[817 A.2d 612]

No. 01-519

¶ 1. December 18, 2002. Plaintiff appeals a decision of the Washington County Superior Court dismissing its claims against the State of Vermont and various defendants employed by the State. Defendants were sued in their official capacity and individually. They are: William Sorrell, Attorney General of the State of Vermont; Michael Hogan, Commissioner of the Department of Liquor Control (DLC); William Griffin, Chief Assistant Attorney General; Albert Elwell, Chief Inspector for the DLC; Paula Niquette, Inspector for the DLC; and Paul Farnham, Inspector for the DLC. Relying principally on the well-established doctrines of sovereign and official immunity, we affirm.

¶ 2. In January 2001, in the course of an investigation into illegal gaming tickets, liquor control inspectors Farnham and Niquette entered the Eagle Lodge in South Burlington. The Eagle Lodge relinquished to the inspectors certain break-open tickets which had been purchased from Amy's Enterprises. In the course of that exchange, plaintiff alleges that Inspector Farnham told the proprietor of the Eagle Lodge that the tickets distributed by plaintiff were "probably illegal." This characterization is the fountainhead from which plaintiff's claims against the State, its officials, intermediate supervisors, and inspectors flowed.

¶ 3. Under Rule 12(b)(6) dismissal should be affirmed where there exist no facts or circumstances that would entitle the plaintiff to relief. See *Powers v. Office of Child Support*, 173 Vt. 390, 395, 795 A.2d 1259, 1263 (2002). Plaintiff claims that the superior court erred in holding that sovereign and official immunity protects defendants from claims of tortious interference with business relations, and slander. It also claims that the superior court improperly relied on such immunity when it dismissed its 42 U.S.C. § 1983 claims.

¶ 4. Sovereign immunity precludes suits against the State for acts essentially governmental in nature, unless that immunity is expressly waived. See *Denis Bail Bonds, Inc. v. State*, 159 Vt. 481, 484-85, 622 A.2d 495, 497 (1993). In certain circumstances, the State has waived its immunity by statute. See 12 V.S.A. § 5601. Sovereign immunity also confers immunity on the State from liability for torts committed by its officers or employees. See *Libercent v. Aldrich*, 149 Vt. 76, 80, 539 A.2d 981, 983 (1987); see also *Cronin v. State*, 148 Vt. 252, 257, 531 A.2d 929, 932 (1987) (sovereign immunity protecting the State attaches to all actions of the State and its employees acting within the scope of their employment), *overruled on other grounds by Libercent*, 149 Vt. at 80, 539 A.2d at 983.

¶ 5. The first issue to be addressed is the claim against the State, and whether the State has waived its sovereign immunity. The analysis required for determining whether immunity has been waived requires that the elements pled against the State be sufficiently comparable to the elements of an action for which a private person could be liable. See *Powers*, 173 Vt. at 396, 795 A.2d at 1264 (finding no analog between the activities of Office of Child Support and a private person). If no such analog to private action exists, suit against the State is precluded. *Denis Bail Bonds*, 159 Vt. at 486, 622 A.2d at 498; see also *LaShay v. Dep't of Soc. & Rehab. Servs.*, 160 Vt. 60, 68, 625 A.2d 224, 229 (1993) (government is immune when no private analog exists). The plaintiff failed to establish any analogy between the regulation, investigation and enforcement of liquor and gambling laws and some act of a private

individual that could give rise to a cause of action. The responsibilities of the Department of Liquor Control and the Attorney General's office in investigating and regulating dram shops and break-open ticket distributors are uniquely governmental. Without an analogy to private action, a claim may not lie against the State. Even if such an analogy had been made, such claims are still barred by 12 V.S.A. § 5601(e)(1), (e)(6). Section 5601(e)(1) provides an exception to the State's waiver of sovereign immunity for "[a]ny . . . act or omission of an employee of the state exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation is valid," and § 5601(e)(6) excepts "[a]ny claim arising out of . . . misrepresentation . . . or interference with contractual rights."

¶ 6. Against the intermediate officials and the liquor inspectors, plaintiff alleges claims arising from negligent supervision, slander and tortious interference with a business relationship. First, plaintiff maintains that Chief Assistant Attorney General Griffin supervised the investigation and, in the course of that supervision, refused to authorize the release of the seized gaming tickets. The only allegation against Chief Inspector Elwell is that he supervised inspectors Farnham and Niquette. Plaintiff alleges that defendant Farnham committed slander when he warned the proprietor that plaintiff's other break-open tickets were "probably illegal." Additionally, plaintiff maintains that the seizure of the tickets constituted tortious interference with a business relationship, and that the interference gave rise to a 42 U.S.C. § 1983 claim based on a violation of due process.

¶ 7. Generally, claims based on the acts or omissions of an employee of the State acting within the scope of employment lie against the State, not against the individual employees who allegedly committed the harm. 12 V.S.A. § 5602(a). However, there is an exception in the Vermont Tort Claims Act which allows claims to be brought against an employee for gross negligence or willful misconduct, even if the conduct occurred within the scope of employment. See *id.* § 5602(b). In order to maintain a claim of gross negligence, a plaintiff must present facts that show an individual defendant "heedlessly and palpably violated a legal duty owed to plaintiff." See *Powers,* 173 Vt. at 399, 795 A.2d at 1266. No such allegation is made against the individual defendants in this case. By failing to assert facts sufficient to meet the requirements of § 5602, plaintiff failed to state a claim against the individual defendant officials upon which a court may grant relief.

¶ 8. With respect to defendant investigators, liquor control inspectors Farnham and Niquette, plaintiff's claims, including those of slander and tortious interference, are also barred by qualified immunity. In applying qualified immunity, the general rule is that lower level officers, employees and agents are immune only when they are: "1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority; 2) acting in good faith; and 3) performing discretionary, as opposed to ministerial acts." *Libercent,* 149 Vt. at 81, 539 A.2d at 984. Plaintiff asserts that defendants exceeded the statutory authority of the Liquor Control Board by seizing the break-open tickets. However, this Court has confirmed the power of the Liquor Control Board to police gambling on premises where liquor is served. *In re Con-Elec Corp.,* 168 Vt. 576, 577, 716 A.2d 822, 824 (1998) (mem.). In that case, we held that as Liquor Control Board Regulation 9 "merely prohibits what the Legislature has proscribed . . . its promulgation and enforcement did not exceed the Board's authority." *Id.* at 577, 716 A.2d at 824.

¶ 9. This Court has adopted the federal standard for good faith. *Cook v.*

*Nelson*, 167 Vt. 505, 509, 712 A.2d 382, 384 (1998). The determination of good faith depends upon the objective reasonableness of the official's conduct. "[I]f the official's conduct does not violate clearly-established rights of which a reasonable person would have known, the official is protected by qualified immunity from tort liability." *Id.* Such acts are objectively reasonable if an officer of reasonable competence could have made the same choice in similar circumstances. *Long v. L'Esperance*, 166 Vt. 566, 571, 701 A.2d 1048, 1052 (1997); see *Malley v. Briggs*, 475 U.S. 335, 341 (1986). In light of the various protections afforded to officials in the context of an investigation and the nature of the comments made by Inspector Farnham to the bartender at the Eagle Lodge, the inspectors' behavior was not objectively unreasonable. In the absence of any clearly established rules governing this situation, it cannot be said that no reasonable officers would not have acted in the same manner.

¶ 10. A discretionary function is an act which requires the exercise of judgment in its performance, or, in the alternative, where there is no specifically dictated course of action for the employee to follow. See *Searles v. Agency of Transportation*, 171 Vt. 562, 563, 762 A.2d 812, 814 (2000) (mem.) (adopting standard of *United States v. Gaubert*, 499 U.S. 315, 322-23 (1991)). This Court has previously held that decisions made in the course of investigations are discretionary. See *Levinsky v. Diamond*, 151 Vt. 178, 191, 559 A.2d 1073, 1082 (1989) (publicity decisions made by assistant attorneys general in course of investigation were discretionary), *overruled on other grounds by Muzzy v. State*, 155 Vt. 279, 583 A.2d 82 (1990). The investigation of potentially criminal conduct related to locations where alcohol is distributed is fundamental to the duties of liquor control inspectors. As it requires substantial judgment in terms of means and manner, the act of investigation is a discretionary

one. Otherwise, the ability of public officers to perform their obligations would be impermissibly inhibited. Without an allegation that inspectors Farnham and Niquette acted with anything but good faith and due care in the performance of a discretionary act, they are subject to qualified immunity for actions undertaken in the course of their investigation and consequently shielded from the claims of plaintiff.

¶ 11. The superior court held plaintiff had conceded the § 1983 claims by not raising them in its response to the State's motion to dismiss. Failure to respond to a Rule 12(b)(6) motion to dismiss for failure to state a claim does not necessarily warrant granting the motion for dismissal, unless the complaint does not sufficiently state a claim upon which relief can be granted. In order for this Court to consider the claims of a litigant, they must be adequately raised below. This Court will not reverse a lower court when a party's failure to raise an issue denied that court the opportunity to consider it. *Duke v. Duke*, 140 Vt. 543, 545, 442 A.2d 460, 462 (1982). In reviewing a Rule 12(b)(6) motion, this Court assumes all factual allegations pleaded in the complaint are true. *Richards v. Town of Norwich*, 169 Vt. 44, 48-49, 726 A.2d 81, 85 (1999). Such motions assume the truth of a pleading's factual allegation and test only its legal sufficiency. See *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000) (dismissal merely for failing to respond to a 12(b)(6) claim was error). Even if the trial court may have erred in dismissing the § 1983 claims as waived, which we do not decide, this Court may rely on alternative grounds in affirming that decision. See *In re Handy*, 171 Vt. 336, 343, 764 A.2d 1226, 1234 (2000).

¶ 12. While plaintiff's claims against defendants as individuals under 42 U.S.C. § 1983 fall short in the pleadings because of defendants' eligibility for qualified immunity, they also fail because the plaintiff no longer had a possessory

interest in the seized tickets. In *Levinsky v. Diamond*, we recognized that a loss to prospective business operations is too speculative to support a § 1983 claim. 151 Vt. at 196-97, 559 A.2d at 1085. In that case, plaintiff alleged, among other things, that defamatory comments made by officials in the Attorney General's office interfered with his potential business. A plaintiff cannot sustain a § 1983 action without indicating that he has been deprived of a right secured to him by the Fourteenth Amendment. *Paul v. Davis*, 424 U.S. 693, 713 (1976). In the case at hand, plaintiff maintains that seizure of tickets which it no longer owned, from an entity with which it conducted business and was not otherwise connected, coupled with a comment made by an inspector in the course of an investigation, interfered with its business prospects because the investigator knew or should have known that such a statement from a law enforcement official could have a devastating effect on plaintiff's future business. Such an attenuated interest is too speculative to support a claim for relief. Accordingly, as noted above, defendant officials were subject to qualified immunity, and the State of Vermont has not waived its sovereign immunity in cases of this kind.

*Affirmed.*