VT SUPERIOR COURT
STATE OF VERMONT

**SUPERIOR COURT**
Washington Unit

2019 AUG 28 P 2: 23

**CIVIL DIVISION**
Docket No. 236-4-18 Wncv

**MADALEINE OLSEN**
Plaintiff

v.

**TOWN OF BARRE**
Defendant

## DECISION
### The Town of Barre's Motion for Summary Judgment

This is a personal injury action arising out of an automobile collision between Plaintiff Madaleine Olsen and a Town of Barre Police Officer, Jacob Frey, in the course of his official duties. Ms. Olsen alleges that Mr. Frey was operating his police vehicle in a negligent or reckless manner and that negligence or recklessness caused the collision.[1] Ms. Olsen claims that the Town is liable for Mr. Frey's wrongful operation and is separately liable for "negligent training," referring to some unexplained negligence in the manner by which it allegedly trained Mr. Frey to drive. The Town counterclaimed against Ms. Olsen, asserting that her negligence caused the collision.[2]

The Town has filed a summary judgment motion arguing that qualified official immunity protects it from liability for the claim against Mr. Frey, and that it has municipal sovereign immunity to Ms. Olsen's negligent training claim. It also argues generally that Ms. Olsen will be unable to come forward with any evidence of injuries.

There is no dispute that on the day of the collision, Mr. Frey was on official police business, responding to an emergency call. As his cruiser turned a corner in snowy and icy conditions, he lost control and slid into Ms. Olsen's vehicle, which was approaching from the opposite direction. Ms. Olsen had not pulled to the right and stopped. See 23 V.S.A. § 1050(a) ("Upon the approach of a law enforcement vehicle which is sounding a siren or displaying a blue or blue and white signal lamp, . . . all other vehicles shall pull to the right of the lane of traffic and come to a complete stop, until the law enforcement or emergency vehicle has passed.").

---

[1] In earlier proceedings, the court dismissed Mr. Frey in his personal capacity as a defendant in this case pursuant to 24 V.S.A. § 901a(b). Under that statute, the claim against Mr. Frey must be brought against the Town. The court also dismissed nominal defendant "Town of Barre Police Department" as simply another way of describing the Town itself, which was separately named as a defendant.

[2] The Town discusses Ms. Olsen's alleged negligence in the briefing but it is not seeking summary judgment on its claim against her. Therefore, the court declines to analyze the Town's counterclaim at this time.

*Qualified official immunity*

The Town argues that, regardless whether Mr. Frey may have operated his cruiser negligently, his conduct is protected by qualified official immunity. Qualified official immunity generally protect lower level governmental employees "from tort liability only where they are: '1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority; 2) acting in good faith; and 3) performing discretionary, as opposed to ministerial acts.'" *Libercent v. Aldrich*, 149 Vt. 76, 81 (1987) (citation omitted). The court declines to address the Town's qualified official immunity argument at this time.

The Vermont Supreme Court appears to have clearly ruled that police officers responding to emergency calls are, by statute, not entitled to qualified immunity, and are potentially liable for recklessness, though not negligence. See generally *Rochon v. State*, 2004 VT 77, 177 Vt. 144 (discussing *Morais* and 23 V.S.A. § 1015); *Morais v. Yee*, 162 Vt. 366 (1994). Neither party in arguing for or against qualified immunity in this case addressed the significance of § 1015 as interpreted in *Rochon* and *Morais*. The court invites further briefing before a ruling on the issues of qualified immunity or recklessness.

*Municipal sovereign immunity*

Ms. Olsen alleges in the complaint that the Town is liable for "negligent training," referring to some training of Mr. Frey in how to operate a motor vehicle. There are no allegations in the complaint or elsewhere in the record explaining what the negligent act of training may have been or how it could have contributed to the collision.[3] The Town, however, does not seek summary judgment due to a lack of evidence. Rather, it argues that it retains sovereign immunity to this claim because the operation of a police force is a "governmental function" protected by municipal sovereign immunity.

The existence of municipal sovereign immunity depends on the governmental–proprietary dichotomy that, in Vermont, still is used to determine the breadth of a municipality's sovereign immunity. See *Hillerby v. Town of Colchester*, 167 Vt. 270, 272 (1997) ("Traditionally, courts have held municipalities liable only where the negligent act arises out of a duty that is proprietary in nature as opposed to governmental.").

"Police work falls within the category of governmental functions. A municipality provides police services as part of the state's governmental responsibility toward the general public. Therefore, 'municipalities are immune from state law claims arising from injuries caused by the operation of their police departments.'" *Livingston v. The Town of Hartford*, No. 482-9-06 Wrcv, 2008 WL 8747703 (Vt. Super. Ct. Feb. 28, 2008), quoting *Decker v. Fish*, 126 F.Supp.2d 342, 346 (D. Vt. 2000); see also 18 McQuillin Mun. Corp. § 53:77.12 (3d ed.) ("For those jurisdictions subscribing to the dichotomy between governmental and proprietary functions

---

[3] The lack of any such allegations implies that the Town's liability for negligent training may spring automatically from the alleged wrongful operation. That, however, would amount in effect to a claim of strict liability against the Town. The Town does not have strict liability for "negligent training" due to any wrongful operation by Mr. Frey.

it is firmly established that the operation of a police department is a governmental function, and that acts or omissions ordinarily do not give rise to liability on the part of the municipality.").[4]

The Town's operation of a police force is uniquely governmental and entitles it to sovereign immunity in relation to negligence claims predicated on that operation. The Town is entitled to summary judgment on Ms. Olsen's negligent training claim.

*Whether Ms. Olsen suffered injuries*

The Town argues that somehow Ms. Olsen will be unable to prove any injuries from the collision. The Town's argument is based on its view of her general conduct and how that may relate to the reality or gravity of any personal injuries she may have suffered. These are matters for the finder of fact to determine. The record does not lack any evidence of injury to Ms. Olsen, and it is undisputed that the collision occurred and seriously damaged the vehicles involved.

## ORDER

For the foregoing reasons, the Town's motion for summary judgment is granted in part and denied in part.

The court reserves judgment on the Town's qualified immunity argument and requests further briefing from both parties within 30 days, with any responses due 15 days thereafter.

Dated at Montpelier, Vermont this 28th day of August 2019.

Mary Miles Teachout
Mary Miles Teachout
Superior Judge

---

[4] Ms. Olsen's opposition to the Town's sovereign immunity argument is unclear. In it she appears to continue addressing qualified official immunity and does not squarely address sovereign immunity at all. Ms. Olsen's negligent training claim is a direct claim against the Town, although no negligent act has been identified in the record. The Town has defended by raising the bar of its sovereign immunity. Whether qualified official immunity protects against direct liability for Mr. Frey's allegedly wrongful operation is a separate matter.

3