VERMONT SUPERIOR COURT
Bennington Unit
207 South St
Bennington VT 05201
802-447-2700
www.vermontjudiciary.org



---

Kerry Raheb v. Kerry McDonald-Cady

---

## DISMISSAL

Mr. Raheb's small claims complaint is against Judge Kerry McDonald-Cady for abuse of power and violation of rights under the Vermont Constitution. The alleged conduct occurred when she presided as a Superior Court Judge over two court hearings, one on September 16, 2022 concerning two related stalking cases and the other on September 19, 2022 when she conducted an arraignment for a criminal charge against Mr. Raheb.

A motion to dismiss has been filed on behalf of Defendant McDonald-Cady by the Vermont Attorney General's Office. The court has concerns about this filing by the Attorney General's Office, since part of the complaint alleges wrongdoing by Defendant in the handling of a criminal case brought by the Bennington State's Attorney. Both the Bennington State's Attorney and the Attorney General are State of Vermont attorneys in the executive branch of the State. In representing the Judge, the Attorney General's Office could appear to have an interest in the case based on the criminal charge brought by the Bennington State's Attorney against the Plaintiff. Therefore, in order to ensure that no one with an interest aligned with the Bennington State's Attorney is involved in any ruling in this case, the court disregards the motion and memorandum of law filed by the Attorney General's Office.

However, when the undersigned read the complaint and attached exhibits, before even seeing that the motion to dismiss was filed by the Attorney General Office, the undersigned immediately recognized that all claims against the Defendant arose from her official duties as a judicial officer, and that therefore she is entitled to immunity from suit by the doctrine of law known as "judicial immunity." It is a principle described in a leading legal treatise as follows:

> Judges and legislators are usually said to be "absolutely privileged" or absolutely immune from suit based on acts that are within the scope of their judicial or legislative duties. The term absolute immunity reflects the rule that immunity will not be lost even if the defendant acted maliciously, in bad faith, or recklessly. A judge acting within his subject matter jurisdiction, for example, is not liable to a litigant for a malicious ruling. A judge retains absolute immunity from civil suit even where the conduct is criminal, such as accepting bribes, although the judge may be subject to criminal liability just as any other citizen would be.

*Dobbs' Law of Torts* § 350 (2d ed.)

The Vermont Supreme Court long ago adopted absolute judicial immunity as applicable law in Vermont, and continues to recognize the doctrine.

> An assessment of the claims requires close scrutiny of the decisional law governing official immunity. Our analytic starting point is *Libercent v. Aldrich,* 149 Vt. 76, 539 A.2d 981 (1987), where we expressly recognized "two degrees of official immunity," explaining: "Absolute immunity is generally afforded to judges ... legislators, and the highest executive officers, where the acts complained of are performed within their respective authorities. . . *Id.* "

*O'Connor v. Donovan*, 2012 VT 27, ¶ 6.

Although judges are absolutely immune from civil liability for acts done within the scope of their judicial duties, they are held accountable for such acts in other ways: Vermont Supreme Court case review, period retention review by the Legislature, and judicial conduct review.

A careful reading of all the filings of Mr. Raheb shows that his complaints against Defendant all stem from acts conducted in her official judicial capacity. Since she is immune from suit based on absolute judicial immunity, the complaint must be dismissed. The court has reached this conclusion without relying on the memo or arguments filed by the Attorney General's Office.

Even without the filing of a motion, if the matter were to come before the court for hearing, the court would be obliged to follow the law and recognize that Defendant is immune from being sued for the acts alleged, all of which were performed within the scope of her official judicial duties. The court would therefore be required to dismiss the suit as a matter of law.

Accordingly, the case is dismissed.

Electronically signed November 9, 2022 pursuant to V.R.E.F. 9 (d).

Mary Miles Teachout

Mary Miles Teachout
Superior Judge (Ret.), Specially Assigned