08-5387-cv
Goldberg v. Danaher

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

_____

August Term, 2009

(Argued: September 17, 2009                      Decided: March 23, 2010)

Docket No.  08-5387-cv

_____

JAMES F. GOLDBERG, individually and on behalf of others similarly situated,

*Plaintiff-Appellant,*

— v .—

JOHN A. DANAHER III, COMMISSIONER, CT STATE DEPT. OF PUBLIC SAFETY, ALBERT J. MASEK, JR., COMMANDING OFFICER, CT STATE DEPT. OF PUBLIC SAFETY, BARBARA MATTSON, DETECTIVE, CT STATE DEPT. OF PUBLIC SAFETY, THOMAS KARANDA, DETECTIVE, CT STATE DEPT. OF PUBLIC SAFETY, RONALD A. BASTURA, SGT., CT STATE DEPT. OF PUBLIC SAFETY, SUSAN MAZZOCCOLI, CT STATE DEPT. OF ADMINISTRATIVE SERVICES, CHRISTOPHER R. ADAMS, CHAIRMAN, CT STATE BOARD OF FIREARMS PERMIT EXAMINERS,

*Defendants-Appellees.*

Before: STRAUB, B.D. PARKER, AND LIVINGSTON, *Circuit Judges.*

_____

Appellant challenged, on due process grounds, the firearm permit revocation procedures employed by the Connecticut Department of Public Safety and Board of Firearms Permit Examiners.  The United States District Court for the District of Connecticut (Bryant, *J.*) dismissed the complaint pursuant to D. Conn. Local Civil Rule 7(a)(1), holding that Goldberg had failed to oppose defendants' motion to dismiss.  Vacated and remanded.

_____

Rachel M. Baird, Law Office of Rachel M. Baird, Torrington, CT, *for Plaintiff-Appellant James F. Goldberg*.

Clare E. Kindall, Assistant Attorney General, *for* Richard Blumenthal, State of Connecticut Attorney General, Hartford, CT, *for Defendants-Appellees John A. Danaher III, et al*.

BARRINGTON D. PARKER, CIRCUIT JUDGE:

Plaintiff-Appellant James Goldberg appeals from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*) dismissing his complaint pursuant to District of Connecticut Local Civil Rule 7(a)(1). After defendants filed a motion to dismiss this action under Fed. R. Civ. P. 12(b)(6), Goldberg elected not to submit a substantive opposition. Instead, he filed a short response, stating that he intended to rely on his pleadings and Local Rule 7(a)(1), which provides:

> Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion. Nothing in this Rule shall require the Judge ruling on the motion to review portions of the record in response to a motion, where the moving papers do not make specific reference to such portions of the record.

Relying on the Local Rule, the district court dismissed the complaint.

Goldberg's federal lawsuit arose from his efforts to challenge the revocation of his permit to carry a firearm before the Connecticut Board of Firearms Permit Examiners. When the Board delayed his hearing for 22 months, he sued in federal district court under 42 U.S.C. § 1983, alleging violations of substantive and procedural due process under the Fourteenth Amendment as well as First Amendment retaliation and unlawful seizure of property. As noted, defendants moved to

dismiss the suit on a number of grounds, including failure to state a claim under Fed. R. Civ. P. 12(b)(6).

In response, Goldberg submitted a bare-bones opposition which was four paragraphs in length and raised two points. First, he invoked Local Rule 7(a)(1), noting that it "permits the non-movant to rely on the pleadings in opposing a motion to dismiss" and, second, he recited the legal standard applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See* Pl. Opp. to Motion to Dismiss 1-2 (D. Conn. Case No. 3:07-cv-1911). Beyond this response, Goldberg offered no additional authority or supporting argument. In their reply papers, defendants contended that because Goldberg's filing failed to address any of their legal defenses on the merits, he had effectively waived opposition to their motion. The district court agreed, concluding that, because Goldberg had failed to file a substantive opposition, dismissal was warranted under Local Rule 7(a)(1). This appeal followed.

Although we generally "accord substantial deference to a district court's interpretation of its own local rules," *In re Kandekore*, 460 F.3d 276, 278 (2d Cir. 2006), when addressing the wholesale dismissal of a complaint pursuant to a local rule, we review *de novo*. *See McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000).

Local Rule 7(a)(1) provides that failure to submit a memorandum in opposition "may be deemed sufficient cause to grant the motion, *except where the pleadings provide sufficient grounds to deny the motion*." D. Conn. L. Civ. R. 7(a)(1) (emphasis added). Thus, by the Local Rule's own terms, automatic dismissal is not appropriate where the pleadings themselves establish a viable claim. A district court relying on Local Rule 7(a)(1) is therefore obliged to consider the pleadings

and determine whether they contain sufficient grounds for denying a motion to dismiss.[1]  *See McCall*, 232 F.3d at 323 ("If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal.").  If a district court could simply grant a motion to dismiss based on the insufficiency or absence of opposition – that is, without first examining the allegations in the complaint – then the Local Rule's "except" clause would have no meaning.  *See Conn. ex rel. Blumenthal v. U.S. Dep't of Interior*, 228 F.3d 82, 88 (2d Cir. 2000) ("[W]e are required to disfavor interpretations of statutes that render language superfluous." (internal quotation marks omitted)).  Instead, the Local Rule clearly contemplates instances where a plaintiff might stand on his pleadings in response to a motion to dismiss, rather than filing an opposition; and it provides that automatic dismissal is not authorized in such cases.  Because the district court's memorandum dismissing the complaint contains no discussion of the pleadings or the claims they raised, it does not appear that it made the required assessment.

We have held, at least twice in similar cases, that a district court must undertake such an analysis when considering motions under Fed. R. Civ. P. 12.  *See Maggette v. Dalsheim*, 709 F.2d 800, 802 (2d Cir.1983) ("Where . . . the pleadings are themselves sufficient to withstand dismissal, a failure to respond to a 12(c) motion cannot constitute a 'default' justifying dismissal of the complaint."); *McCall*, 232 F.3d at 322-23 (extending *Maggette*'s holding to 12(b)(6) motions).  Because a motion under Rule 12(b)(6) presents a pure legal question, based on allegations contained within the four corners of the complaint, the district court is equipped to make a determination on

---

[1] Indeed, it is worth noting that Goldberg did file a response to defendants' motion, albeit a cursory one, and therefore his conduct did not amount to the kind of wholesale failure to respond seemingly contemplated by Local Rule 7(a)(1).

the merits. As we said in *McCall*, 232 F.3d at 322-23, "although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the [district] court is capable of determining based on its own reading of the pleading and knowledge of the law."[2]

We have considered the parties' remaining arguments on appeal but decline to resolve them here, preferring that the district court make a determination in the first instance.

## CONCLUSION

For the foregoing reasons, the district court's judgment is vacated and the case is remanded for further proceedings.

---

[2] Such a requirement is consistent with that adopted by this Court in *Amaker v. Foley*, 274 F.3d 677 (2d Cir. 2001), which considered an unopposed motion for summary judgment. In such instances, "the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating no material issue of fact remains for trial." *Id.* at 681.