*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-267

JANUARY TERM, 2017

| | |
|---|---|
| Ronald W. Bryan, Jr. | }   APPEALED FROM: |
| | } |
| | }   Superior Court, Chittenden Unit, |
| v. | }   Civil Division |
| | } |
| | } |
| State of Vermont | }   DOCKET NO. 1149-12-15 Cncv |

Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals from the dismissal of his lawsuit against the State of Vermont and state employees claiming damages as the result of an alleged unlawful arrest and detention. We affirm.

Plaintiff alleged the following facts in his amended complaint. In December 2012, he was sentenced to four-to-five days on work crew.[*] Because he was a resident of Chittenden County, his case was transferred to the Burlington office of Probation and Parole, a unit of the Vermont Department of Corrections (DOC). In the spring of 2013, plaintiff met with his probation officer, who suggested that he complete his work crew at the Cathedral of the Immaculate Conception in Burlington. Plaintiff agreed to the assignment and worked at the church for six days in the spring of 2013, as can be verified by an employee of the church. Having fulfilled his obligation, plaintiff "believed that he was all set and he never heard anything more from his probation officer." A year later, in the spring of 2014, plaintiff was arrested at his residence at 10:00 p.m. in front of his wife and young daughter. Despite his protests that he had completed the required work crew and that the officers should check with his probation officer, he was taken to jail, where he served his four-to-five-day sentence. Based on those facts, plaintiff alleged two counts against the State of Vermont, his probation officer, and an unnamed employee of the DOC: (1) intentional infliction of emotional distress (IIED); and (2) unlawful arrest and detention, in violation of the Vermont and federal constitutions and 42 U.S.C. § 1983.

---

[*] The sentencing mittimus stated that the sentence, pursuant to the Pre-Approved Furlough Community Restitution Program, was to be served up to eight hours a day on a schedule to be determined by the Department of Corrections. The mittimus also warned plaintiff that if he did "not show up for the sentence as scheduled or . . . follow DOC's directions," he would "go directly to jail and serve the remainder of this sentence in jail without a hearing." The State asked the superior court to take judicial notice of this document because its contents were referenced in the complaint. See Kaplan v. Morgan Stanley & Co., 2009 VT 78, ¶ 10, n.4, 186 Vt. 605 (mem.) (stating general rule that documents relied upon in complaint merge with complaint and may properly be considered in connection with motion to dismiss). Plaintiff did not object to this request and has included the document in his printed case, thus waiving any objection.

The State filed a motion to dismiss pursuant to Vermont Rule of Civil Procedure 12(b)(6), arguing that it and its employees were entitled to immunity from suit and that plaintiff had not alleged facts sufficient for relief to be granted on any of his claims. Plaintiff filed a brief response that did not address the State's legal arguments but essentially stated only that his pleading was sufficient to put defendants on notice that he was suing them for his wrongful incarceration. Plaintiff stated that further specificity without discovery was not possible because of defendants' failure to disclose any information concerning what had occurred to cause his arrest. The superior court granted the State's motion to dismiss on a motion-reaction form, stating that "[d]efendants have cited legal authority to support their position that sovereign immunity bars the claim here, and plaintiff offers no legal argument whatsoever in response." Plaintiff filed a motion for reconsideration in which he responded to the State's claims of immunity. The court denied the motion, stating that motions for reconsideration are not "a chance for a do-over" or "an opportunity to raise legal arguments [plaintiff] chose not to make the first time around."

On appeal, plaintiff argues that the superior court erred by dismissing the complaint because the pleading put defendants on notice of his claim that their actions caused his unlawful arrest and detention, resulting in emotional distress. With respect to the State's immunity arguments, plaintiff asserts that one could reasonably assume that defendants' actions or nonaction leading to his unlawful detention were ministerial in nature and not done in good faith. The State responds that the superior court's decision should be affirmed because: (1) plaintiff did not initially provide the court with any legal basis to rule in his favor; (2) his complaint failed to state a claim upon which relief could be granted; and (3) defendants were entitled to immunity from suit.

At the outset, we reject the State's suggestion that the superior court's decision can be affirmed based solely on plaintiff's initial failure to respond to the State's substantive legal arguments. We review de novo the superior court's disposition of a motion to dismiss, taking all facts alleged in the complaint as true. Nichols v. Hoffman, 2010 VT 36, ¶ 4, 188 Vt. 1. The superior court's decision to dismiss the complaint must be supported by the law, irrespective of the strength of plaintiff's response to the State's motion to dismiss. See Amy's Enterprises v. Sorrell, 174 Vt. 623, 625 (2002) ("Failure to respond to a Rule 12(b)(6) motion to dismiss for failure to state a claim does not necessarily warrant granting the motion for dismissal, unless the complaint does not sufficiently state a claim upon which relief can be granted."); Goldberg v. Danaher, 599 F.3d 181, 183-84 (2d Cir. 2010) (stating that plaintiff's failure to respond to motion to dismiss does not necessarily warrant dismissal because "the sufficiency of a complaint is a matter of law that the district court is capable of determining based on its own reading of the pleading and knowledge of the law" (quotation omitted)). As noted, in this case the court dismissed the complaint because defendants "cited legal authority to support their position that sovereign immunity bars the claim here, and plaintiff offers no legal argument in response." We presume that the court found the State's arguments to be persuasive, irrespective of plaintiff's limited response.

We now turn to whether plaintiff's complaint stated a claim upon which relief could be granted. "In determining whether a complaint can survive a motion to dismiss under Rule 12(b)(6), courts must take the factual allegations in the complaint as true, and consider whether it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Colby v. Umbrella, Inc., 2008 VT 20, ¶ 5, 184 Vt. 1 (quotation omitted). Courts are not required to accept as true, however, "conclusory allegations or legal conclusions masquerading as factual conclusions") (quotation omitted). Id. ¶ 10. Moreover, although a complaint need not set forth a detailed statement of facts, it must set forth a statement of the claim along with sufficient factual clarity to support the elements of the claims and to enable a reasonable response. Id. ¶¶ 7, 10

(upholding dismissal of plaintiff's IIED claim because complaint failed to allege any facts supporting claim other than conclusory allegations).

Notably, in this case, plaintiff is not alleging negligence on the part of defendants but rather intentional or willful conduct with respect to both of the counts set forth in the complaint. Yet, the complaint alleges no facts suggesting any intentional or willful conduct on the part of defendants. Indeed, the complaint does not even indicate whether plaintiff informed his probation officer or the DOC that he had completed his work crew assignment—even though he certainly would be aware of that critical information. Nor does the complaint indicate any duty or protocol concerning the communication of completion of work crew assignments. In short, there is simply nothing in the complaint to support plaintiff's conclusory allegations regarding any intentional or willful conduct on the part of defendants. Cf. Amy's Enterprises, 174 Vt. at 625 (upholding dismissal of claim of gross negligence against state employees, who were immune from suit pursuant to 12 V.S.A. § 5602 except for gross negligence or willful conduct, because complaint failed "to assert facts sufficient to meet requirements of § 5602"). Plaintiff suggests that this lack of information in the complaint is due to defendants' failure to disclose the information, but as noted, plaintiff would necessarily be aware of at least some of this information vital to his claims.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice