James v. John Jay College of Criminal Justice

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of September, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
                       *Circuit Judges*.[1]

---

TERRELL JAMES,

                    *Plaintiff-Appellant*,

             v.                                              18-3596-cv

JOHN JAY COLLEGE OF CRIMINAL JUSTICE,
NEIL STEWART, DONALD V. GRAY, DIRECTOR,
OFFICE OF LEGAL COUNSEL, ANTHONY BRACCO,
DIRECTOR OF FACILITIES, AT JOHN JAY COLLEGE,
ANNE GOON, ADMINISTRATIVE SUPERINTENDENT,
RAJENDRA SINGH, DIRECTOR OF HUMAN RESOURCES,

                    *Defendants-Appellees*.

---

[1] Because the third judge originally assigned to this panel recused from this case, the remaining two judges issue this order in accordance with Second Circuit Internal Operating Procedure E(b).

Appearing for Appellant:      Lennox S. Hinds, New York, N.Y.

Appearing for Appellee:      David Lawrence III, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Judith N. Vale, Senior Assistant Solicitor General, *on the brief*), *for* Letitia James, Attorney General, State of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** and **REMANDED**.

Terrell James appeals from the November 21, 2018 judgment of the United States District Court for the Southern District of New York (Cote, *J.*) granting the defendants' motion to dismiss. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

James argues on appeal that the district court abused its discretion by dismissing his first amended complaint with prejudice, rather than providing him an opportunity to voluntarily withdraw the amended complaint. Alternatively, James argues that it was legal error for the district court to grant defendants' motion to dismiss for failure to state a claim, even in the absence of timely opposition to that motion.

Defendants treat the dismissal here as made pursuant to Federal Rule of Civil Procedure 41(b), which authorizes a court to dismiss an action "if the plaintiff fails . . . to comply with . . . . a court order." However, the record does not reflect that the district court dismissed the complaint pursuant to Rule 41(b). Instead, both the district court's order of November 20, 2018 and the judgment entered on November 21, 2018 indicate that the district court granted the defendants' motion to dismiss. That motion was brought based on Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction against defendant City University of New York and Rule 12(b)(6) for failure to state a claim against any defendant.

Because James did not timely file opposition, the motion to dismiss was unopposed. However, the lack of opposition does not, without more, justify dismissal. *See McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir.2000). "[T]he sufficiency of a complaint is a matter of law that the district court is capable of determining based on its own reading of the pleading and knowledge of the law." *Goldberg v. Danaher*, 599 F.3d 181, 183-84 (2d Cir. 2010) (internal quotation marks and alterations omitted). Where a district court "appears to have dismissed the complaint solely on the ground that [plaintiff] did not respond to the motion," then "[d]ismissal on that basis [is] error." *McCall*, 232 F.3d at 323.

The state fails to address this argument at all, instead taking the position that the dismissal was based on James's failure to timely follow the district court's filing deadlines. That is a fair reading of the endorsement order on the letter seeking reconsideration, but not the reason for dismissal. Alternatively, the State urges us to decide the motion to dismiss in the first

2

instance. We decline the invitation, and remand for the district court to (1) clarify the ground for dismissing the complaint; and (2) if necessary, decide the defendants' motion to dismiss based on the merits.

Accordingly, the judgment of the district court hereby is VACATED and REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk