## J. DOE v. A., B., and C. DOE

[768 A.2d 1291]

No. 00-031

March 1, 2001. Plaintiff appeals the grant of summary judgment in favor of the State of Vermont on the basis of sovereign immunity. Because the trial court did not allow an adequate opportunity for plaintiff to conduct discovery, we reverse.

The following facts are not in dispute. On December 13, 1991, defendant B. Doe,* a former high ranking employee at the Vermont Department of Travel and Tourism, was convicted of lewd and lascivious conduct with a child, for sexually abusing plaintiff. The abuse began in the summer of 1989, when plaintiff was thirteen and continued until September 1991. On January 27, 1999, plaintiff filed a complaint against the State of Vermont, B. Doe, and his wife C. Doe, for damages plaintiff suffered as a result of the sexual abuse. Plaintiff has complained that the sexual abuse took place at several locations, including B. Doe's state office and at a photo shoot for a state travel poster for which plaintiff was paid to model. Plaintiff has alleged that the State is liable for his damages as a result of its: (1) failure to warn of the dangers presented by B. Doe; (2) negligent hiring and supervision of B. Doe; (3) intentional infliction of emotional distress; (4) invasion of privacy; (5) breach of its fiduciary duty to plaintiff; (6) violation of the Fair Employment Practices Act (FEPA), 21

--------

* Because the file below was sealed pursuant to 12 V.S.A. § 522(b), pseudonyms are used for defendants B. Doe and C. Doe, and the plaintiff is never identified. We decline to use a pseudonym for defendant State of Vermont, identified as A. Doe in the caption, as its identity is revealed by the sovereign immunity issue on appeal.

V.S.A. § 495; and (7) violation of the Fair Housing and Public Accommodations Act (FHPAA), 9 V.S.A. § 4502(a). With his complaint, plaintiff propounded written discovery to the State.

The State filed its answer on February 18, 1999. Less than one month later, on March 15, 1999, the State moved for summary judgment and a stay of discovery. On September 28, 1999, the trial court granted the State's summary judgment motion, dismissing all of plaintiff's claims against the State. The court reasoned that the State was immune from suit because all of plaintiff's claims arose out of B. Doe's assault on plaintiff, and therefore, the State had not expressly waived immunity under 12 V.S.A. § 5601(a). See 12 V.S.A. § 5601(e)(6) (waiver of immunity from suit does not apply to "[a]ny claim arising out of alleged assault"). Although the State had asserted that it was immune from suit in this action, it had never relied upon 12 V.S.A. § 5601(e)(6), or the theory based thereon, employed by the trial court. The court never ruled on the State's motion to stay discovery, and the State failed to respond to plaintiff's discovery requests in the time between the State's filing of its summary judgment motion and the court's ruling thereon.

On appeal, plaintiff contends: (1) the State is not immune from suit for claims brought under FEPA and FHPAA; and (2) the § 5601(e)(6) exception to the waiver of sovereign immunity for claims arising out of assault does not bar plaintiff's negligence, intentional infliction of emotional distress, invasion of privacy, and breach of fiduciary duty claims.

Plaintiff's claims were dismissed on summary judgment. In reviewing a grant of summary judgment, we apply the same standard as the trial court. *In re Margaret Susan P.*, 169 Vt. 252, 257, 733 A.2d 38, 43 (1999). To prevail on a motion for summary judgment, the moving party must show that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id.* We have held that "[s]ummary judgment is mandated under the plain language of V.R.C.P. 56(c) where, after an adequate time for discovery, a party 'fails to make a showing sufficient to establish the existence of an element' essential to his case and on which he has the burden of proof at trial." *Poplaski v. Lamphere*, 152 Vt. 251, 254-55, 565 A.2d 1326, 1329 (1989) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Although "Rule 56 does not require that summary judgment motion decisions await completion of discovery," it does require "an adequate time for discovery." *Bushey v. Allstate Ins. Co.*, 164 Vt. 399, 405, 670 A.2d 807, 811 (1995). A party opposing summary judgment must be afforded "an adequate opportunity to engage in discovery before being required to respond to the motion." *Al Baraka Bancorp (Chicago), Inc. v. Hilweh*, 163 Vt. 148, 156, 656 A.2d 197, 202 (1994).

In *Poplaski*, we held that plaintiff had an adequate time for discovery where she had sixteen months between the filing of the complaint and the summary judgment hearing and more than eight months from the signing of a discovery schedule to complete depositions. *Poplaski*, 152 Vt. at 255, 565 A.2d at 1329. We found no error in granting summary judgment in *Bushey*, where, although not completed, the discovery had produced "a substantial amount of information," including depositions of defendant's personnel and its experts and responses to written interrogatories. See *Bushey*, 164 Vt. at 405, 670 A.2d at 811. In *Al Baraka*, we found plaintiff failed to take advantage of the opportunity to engage in discovery. *Al Baraka*, 163 Vt. at 156, 656 A.2d at 202. Neither abundance of time or opportunity, nor production of discovery responses, is present in the instant case.

In effect, plaintiff had no opportunity for discovery from the State before the court ruled on the State's summary judg-

ment request. Although plaintiff's denied opportunity might be justified in a case where there is no factual dispute, particularly where the State is asserting immunity from suit, we cannot determine that this is such a case. There is a significant dispute between plaintiff and the State over the extent to which the alleged abuse occurred in B. Doe's state office and the extent to which others were aware of the abuse. The significance of this factual dispute is magnified because the court employed a legal theory not raised by the State. Plaintiff argues that we should adopt an exception to the theory employed by the trial court, as recognized in federal law, and that his version of the facts fits this theory. Before trying to rule on that question on this limited record, we need the narrowing of the issue that discovery will enable.

We hold, therefore, that summary judgment was premature here, where less than a month had elapsed from the time defendant answered the complaint to the time it moved for summary judgment and no discovery had been completed.

*Reversed and remanded.*