*Trudeau v. Vitali*, No. 80-2-14 Bncv (Wesley, J., Aug. 29, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

SUPERIOR COURT                                                        CIVIL DIVISION
Bennington Unit                                                  Docket No. 80-2-14 Bncv

| Trudeau et al vs. Vitali et al |
| --- |

## ENTRY REGARDING MOTION

Count 1, Negligence (80-2-14 Bncv)
Count 2, Negligence (80-2-14 Bncv)
Count 3, Negligence (80-2-14 Bncv)
Count 4, Negligence (80-2-14 Bncv)
Count 5, Negligence (80-2-14 Bncv)
Count 6, Negligence (80-2-14 Bncv)
Count 7, Negligence (80-2-14 Bncv)
Count 8, Negligence (80-2-14 Bncv)

Title:          Motion for Summary Judgment (Motion 2)
Filer:          Eric Vitali
Attorney:       Mark J. Patane
Filed Date:     May 12, 2014

Response filed on 07/18/2014 by Attorney Oreste V. Valsangiacomo for Plaintiff Kristen Trudeau
Response filed on 08/08/2014 by Attorney Mark J. Patane for Defendant State of Vermont

**Defendant's Motion for Summary Judgment is GRANTED IN PART; Plaintiff's Motion for Further Discovery is GRANTED IN PART; Defendant's Motion for Enlargement of Time is GRANTED**

### Opinion and Order

Plaintiff Jeffrey Trudeau was a sergeant in the Vermont State Police when he participated in a training session to learn how to use a Taser stun gun. Trudeau volunteered to receive a shock from a Taser stun gun. The shock injured Trudeau's back and shoulders, for which he received workers' compensation benefits. Trudeau and his wife, Kristin Trudeau, now sue the State of Vermont, and the two troopers who supervised the training, for negligence, intentional infliction of emotional distress, and outrage. The Court grants summary judgment to Defendants because the workers' compensation statute provides an exclusive remedy against an employer for job-related injuries. Similarly, Plaintiff may only sue the State of Vermont for work-based injuries caused by co-employees, and recovery against the State is barred by the exclusivity of workers' compensation for claims of negligence. Nevertheless, the Court defers ruling on the motion by Plaintiff's co-workers' for summary judgment to allow further discovery that conceivably would support an amended complaint for gross negligence, a claim not barred by statutory exclusivity.

## Factual Background

On March 29, 2011, the Vermont Department of Public Safety employed Jeffrey Trudeau as a sergeant in the Vermont State Police. Trudeau attended training on how to use Taser Electronic Control Devices. Trooper Eric Vitali and Trooper Jeremy Peters ran the training. Toward the end of the training, Vitali and Peters sought volunteers to experience a shock from the Taser. Trudeau volunteered and signed a form release that purported to release Taser and the training officers from liability. The form release also sought disclosure from Trudeau about any preexisting medical conditions that might be aggravated by a shock. Trudeau disclosed a knee injury but not a shoulder injury. Thereafter, Trudeau received a shock from his exposure to the Taser, which dislocated both of his shoulders. Trudeau missed approximately one year from work and required surgery. He received $196,080.15 in workers' compensation benefits as a result of the work-related injuries.

## Procedural History

On May 12, 2014, Defendants moved for summary judgment. Defendants argue Plaintiffs may not maintain this suit because workers' compensation was Plaintiff's exclusive remedy, because the release bars this suit, and because sovereign immunity protects State of Vermont. On July 18, 2014, Plaintiffs opposed the motion for summary judgment. Plaintiffs observe they had not conducted discovery and sought time to determine additional information.[1] Plaintiffs also argued there are exceptions to the exclusive remedy of worker's compensation. On the same day, Plaintiffs filed a motion to permit discovery under V.R.C.P. 56(d). On August 8, 2014, Defendants filed a response that opposed the motion to allow discovery and argued the Vermont Legislature superseded the exceptions by statute.

## Standard of Review

The Court grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). The Court makes all reasonable inferences and resolves all doubts in favor of the non-moving party. *Lamay v. State*, 2012 VT 49, ¶ 6, 191 Vt. 635.

## Discussion

1. *Defendants' Motion for Summary Judgment*

The first issue in this case is whether the workers' compensation statute bars a suit against the State of Vermont. In most cases, receipt of workers' compensation benefits by an

---

[1] Defendants filed their motion for summary judgment on the day the answer was due. Defendants did not file an answer. Filing a motion for summary judgment does not relieve a party of the responsibility to answer under V.R.C.P. 12(a). Although a party may file a motion to dismiss instead of an answer, and the court may treat a motion to dismiss as a motion for summary judgment under V.R.C.P. 12(c), the rule does not contemplate filing a motion for summary judgment as an answer. Nevertheless, Plaintiffs did not object to the lack of an answer, thus the Court addresses the merits of the motion for summary judgment.

employee for personal injury "shall exclude all other rights and remedies of the employee, the employee's personal representatives, dependents or next of kin, at common law or otherwise on account of such injury." 21 V.S.A. § 622. The only exceptions are if the employer intentionally injured the employee or if the employer does not have workers' compensation insurance. *See id.* §§ 618, 622, 687 (describing the insurance requirements); *Garger v. Desroches*, 2009 VT 37, ¶ 8, 185 Vt. 634 (excepting intentional injury).

The workers' compensation act bars recovery against the State of Vermont in this case. Jeffrey Trudeau was an employee of the State of Vermont and received nearly $200,000 in workers' compensation benefits. Plaintiffs did not allege the State of Vermont intentionally caused Jeffrey Trudeau injuries. Absent an intentional injury, an employee who receives workers' compensation cannot sue his employer for civil damages based on the same events. *See* 21 V.S.A. § 622; *Garger*, 2009 VT 37, ¶ 8.

Kristin Trudeau also cannot sue the State of Vermont for Jeffrey Trudeau's injuries. "The vast majority of courts have found that the application of exclusivity provisions to bar derivative claims by a spouse or dependents of the employee is constitutional. The obvious rationale is that it is reasonable to extend the tort immunity of the employer to dependents who normally will benefit from the workers' compensation received by the employee." *Lorrain v. Ryan*, 160 Vt. 202, 215 (1993). Section also 622 suggests that it also bars derivative lawsuits from relatives based on the injuries to an employee. Therefore, if Jeffrey Trudeau cannot maintain a suit against the State of Vermont, then Kristin Trudeau cannot validly pursue a derivative action arising from the same injuries. *See id.*

The next question is whether Plaintiffs can maintain a suit against Vitali and Peters. Under 21 V.S.A. § 624, an injured employee may sue a joint tortfeasor to recover for work-related injuries. However, "[w]hen the act or omission of an employee of the state acting within the scope of employment is believed to have caused… injury to persons… the exclusive right of action shall lie against the state of Vermont; and no such action may be maintained against the employee…" 12 V.S.A. § 5602(a). However, an exception exists permitting suit against state employee co-workers for "gross negligence or willful misconduct." *Id.* § 5602(b).

As currently framed by their complaint, Plaintiffs cannot sue Vitali and Peters because their exclusive right of action lies against the State of Vermont. Both Vitali and Peters were co-workers of Jeffrey Trudeau who worked for the Vermont State Police. They acted within the scope of their employment when they shocked Jeffrey Trudeau because they were conducting a training exercise. Although Plaintiffs plead claims for negligence and intentional infliction of emotion distress, the complaint does not allege the injury occurred from gross negligence or willful misconduct.

Plaintiffs' reliance on *Libercent v. Aldrich* is misplaced because an amendment to 12 V.S.A. § 5602 supersedes its holding. *See* 149 Vt. 76, 78–79 (1987). In *Libercent*, a state employee who worked as a truck driver was injured when his vehicle's steering mechanism malfunctioned. *Id.* at 78. The truck driver had complained to maintenance workers of difficulties with the steering mechanism and submitted requests for repair but the employees did not repair the truck. *Id.* The Court held workers' compensation was not an exclusive remedy for claims against co-workers. *Id.* at 83. The Court reasoned: "In the absence of an explicit statutory bar, this Court will not presume that the legislature intended to exclude state employees from potential liability under 21 V.S.A. § 624(a)." *Id.*

Two years after *Libercent*, the Vermont Legislature amended 12 V.S.A. § 5602. *See* 1989, No. 114, § 2. In 1987, as the Court decided *Libercent*, 12 V.S.A. § 5602(a), excluded:

> Any claim based upon any act or omission of an employee of the state exercising due care, in the execution of a statute of regulation, whether or not such statute or regulation be valid, or based on the exercise or performance or failure to exercise or perform a discretionary function or duty on the part of a state agency or an employee of the state, whether or not the discretion involved be abused.

*See* 1989, No. 114, § 2. 12 V.S.A. § 5602 now allows suit only against the State of Vermont for the acts of state employees, unless the employees engaged in gross recklessness or willful misconduct. The change means that a plaintiff must make a showing beyond that the employee failed to exercise due care; rather, individual liability against a co-worker state employee can only be established by proof that the employee was grossly negligent or engaged in willful misconduct.

The amendment to 12 V.S.A. § 5602 supersedes the ruling of *Libercent*. *Libercent* allowed the suit against the state employee maintenance workers because there was not "an explicit statutory bar." *See* 149 Vt. at 83. Two years after that ruling, the Vermont Legislature amended 12 V.S.A. § 5602 to create that bar. *See* 1989, No. 114, § 2. Thus, *Libercent* is no longer good law for the point argued by Plaintiffs and Plaintiffs cannot maintain the suit against Vitali and Peters, as currently plead.[2] *See* 1989, No. 114, § 2; 149 Vt. at 83. However, as discussed below, because Plaintiffs have not yet had the opportunity to engage in discovery, and because discovery conceivably may yield evidence to support a motion to amend the complaint charging gross negligence, the Court withholds summary judgment pending appropriate opportunity for discovery regarding the claims against Defendants Vitali and Peters.

2.  *Plaintiffs' Motion to Allow Discovery under V.R.C.P. 56(d)*

Plaintiffs also requests the Court stay the motion for summary judgment to allow Plaintiffs time for discovery. "A party may file a motion for summary judgment at any time until 30 days after the close of all discovery…" V.R.C.P. 56(b). The Court may defer ruling on a motion for summary judgment if a nonmovant shows the nonmovant lacks sufficient facts to defend against a motion for summary judgment. V.R.C.P. 56(d). The Court normally decides motions for summary judgment after adequate time for discovery. *See Poplaski v. Lamphere*, 152 Vt. 251, 254–55 (1989). In *Doe v. Doe*, the Vermont Supreme Court held a one month gap between filing a complaint and a motion for summary judgment did not give sufficient time for discovery. 172 Vt. 533, 534 (2001) (mem.). The Court concluded, "[a]lthough plaintiff's denied opportunity might be justified in a case where there is no factual dispute, particularly where the State is asserting immunity from suit, we cannot determine that this is such a case." *Id.*

The Court denies Plaintiffs' request as to the motion by Defendant State of Vermont because discovery is not warranted with respect to the claim against the State, which is unsustainable as a matter of law based on the current state of undisputed facts. As noted by

---

[2] *Libercent* is still good law for other points of law. Several cases cite *Libercent* for its discussion of immunity. *See, e.g.*, *O'Connor v. Donovan*, 2012 VT 27, ¶ 6, 191 Vt. 412.

*Doe* and *Poplaski*, Plaintiffs are ordinarily entitled to time for discovery before a Defendant files a motion for summary judgment. *See Doe*, 172 Vt. at 534; *Poplaski*, 152 Vt. at 254–55. Unusual circumstances, such as when the State asserts immunity, may negate the need for discovery. *See Doe*, 172 Vt. at 534. Here, the Defendants assert statutory bar on the suit. As described above, the statutory bar defeats Plaintiffs' claims. Therefore, the Court will not defer ruling on the motion for summary judgment or allow time for discovery under V.R.C.P. 56(d).

As further stated above, however, the holdings in *Poplaski* and *Doe* compel a different conclusion with regard to Plaintiff's claims against the other troopers. While Plaintiff has not plead gross negligence, he could maintain a separate suit against his co-workers individually if discovery disclosed evidence of gross negligence. Thus, as to the co-workers' motion for summary judgment, the Court defers ruling pending a reasonable period for discovery.

3. *Motion for Enlargement of Time*

Finally, the Court grants Defendants' stipulated motion for an enlargement of time. Plaintiffs agreed to the motion, Defendants seek only a one week extension, and the case does not have any urgent deadlines.

## Order

**WHEREFORE** it is hereby **ORDERED:** The Court **GRANTS** Defendant State of Vermont's Motion for Summary Judgment. The Court **DEFERS RULING** on the Motion for Summary Judgment by Defendants Vitali and Peters. The Court **GRANTS IN PART** Plaintiffs' Motion to Permit Discovery Pursuant to V.R.C.P. 56(d), and the parties shall confer and submit a proposed Scheduling Order no later than September 22, 2014. The Court **GRANTS** Defendant's Motion for Enlargement of Time.

Electronically signed on August 29, 2014 at 02:17 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

Notifications:
Oreste V. Valsangiacomo (ERN 3914), Attorney for Plaintiff Jeffrey E. Trudeau
Oreste V. Valsangiacomo (ERN 3914), Attorney for Plaintiff Kristen Trudeau
Mark J. Patane (ERN 2620), Attorney for Defendant Eric Vitali
Mark J. Patane (ERN 2620), Attorney for Defendant Jeremy Peters
Mark J. Patane (ERN 2620), Attorney for Defendant State of Vermont