STATE OF VERMONT

SUPERIOR COURT                                          CIVIL DIVISION
Bennington Unit                                    Docket No. 159-5-18 Bncv

---

Drunsic et al vs. Pellet Property Holdings, LLC et

---

## ENTRY REGARDING MOTION

Count 1, Breach of Contract (159-5-18 Bncv)
Count 2, Breach of Contract (159-5-18 Bncv)
Count 3, Breach of Contract (159-5-18 Bncv)
Count 4, Breach of Contract (159-5-18 Bncv)

Title:          Motion Extension of time to respond to motion f (Motion 4)
Filer:          Daniel Querrey
Attorney:       Gary R. Kupferer
Filed Date:     September 11, 2018

Response filed on 10/02/2018 by Attorney Gary R. Kupferer for Defendant Daniel Querrey

**The motion is GRANTED.**

Plaintiff William Drunsic has filed a Motion for Summary Judgment as to Count III of the Complaint, arguing that the facts establishing Defendant Daniel Querrey's liability under the guaranty are not in dispute and that the terms of the note and guaranty oblige Querrey to pay the balance of the note plus attorney's fees and collection costs.

Pursuant to V.R.C.P. 6(b)(1)(A) and 56(d), Defendant filed a Motion for Extension of Time in which to Respond to the Plaintiff's Motion for Summary Judgment, seeking an extension until January 15, 2019. Defendant's motion was supported by affidavit. Defendant averred that no discovery had yet been undertaken in this case and that he needed time to conduct discovery to obtain facts concerning his defense on the guaranty, specifically Plaintiff's management of the failed Renewable Fuels of Vermont, LLC, the circumstances surrounding that failure, and its effect on the default.

Plaintiff replied to the Motion for Extension of Time, reminding the Court that early motions for summary judgment, even without any discovery, are permitted by the Rules of Civil Procedure. Plaintiff also argued that Defendant had not clearly articulated any reason why discovery is needed to address his liability under the guaranty.

Defendant subsequently filed a reply and second affidavit in support of his Motion for Extension of Time, supplementing his previous submission with an agreement between Drunsic, Renewable Fuels of Vermont, LLC, and Queston, Inc. wherein a September 2015 loan in an amount equal to the guaranteed loan with Merchants Bank is transferred.

Under V.R.C.P. 56, a party adverse to a motion for summary judgment may oppose the motion "up to 30 days after the service of the motion upon the party." V.R.C.P. 56(b). The Motion for Summary Judgment was mailed to Defendant on August 13, 2018 and filed on August 14, 2018. Defendant filed the Motion for Extension of Time on September 11, 2018. V.R.C.P. 6(b)(1)(A) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made before the original time or its extension expires."

Because Defendant filed the Motion for Extension of Time within the 30 days allowed by Rule 56 to oppose, the court may, for good cause, extend the time to oppose under V.R.C.P. 6(b)(1)(A). See *Pease v. Windsor Dev. Review Bd.*, 2011 VT 103, ¶¶ 24–25, 190 Vt. 639, 644. Additionally, Rule 56(d) provides that "[i]f a nonmovant shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to obtain affidavits or to take discovery." V.R.C.P. 56(d).

The Court is guided in this analysis by case law from the U.S. Court of Appeals for the Second Circuit interpreting the analogous Federal Rules of Civil Procedure. See *Rule v. Tobin*, 168 Vt. 166, 169 (1998) ("Because our rule is identical to the federal rule, we look to the 'Federal cases interpreting the Federal Rules [as] . . . an authoritative source for the interpretation' of our rule.") (quoting Reporter's Notes to V.R.C.P. 1.). The Second Circuit has established a four-part test for examining a request for additional discovery before opposing a motion for summary judgment: "The affidavit must include the nature of the uncompleted discovery; how the facts sought are reasonably expected to create a genuine issue of material fact; what efforts the affiant has made to obtain those facts; and why those efforts were unsuccessful." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994). Additionally, the party seeking discovery "must show that the material sought is germane to the defense, and that it is neither cumulative nor speculative." *Id*. (quoting *Sundsvallsbanken v. Fondmetal, Inc.*, 624 F. Supp. 811, 815 (S.D.N.Y. 1985).

Defendant's Motion for Extension of Time and his Reply in Support of the Motion for Extension of Time easily satisfy the first, third, and fourth requirements of the *Paddington* test. Defendant submits that no discovery has yet taken place in this case. Accordingly, there has been no effort at this point to obtain the needed facts; the efforts necessarily have not been unsuccessful.

The second element, however, is not entirely satisfied. Defendant avers that he needs time to conduct discovery to obtain facts concerning his defense on the guaranty, specifically Drunsic's management of the failed Renewable Fuels of Vermont, LLC, the circumstances surrounding the failure, and the failure's effect on the default of the loan he guaranteed. He also points to evidence of a different agreement between Drunsic, Renewable Fuels of Vermont, LLC, and Queston, Inc. transferring a September 2015 loan in an amount equal to the guaranteed loan with Merchants Bank. Defendant has not entirely clarified how he would be relieved from liability under the guaranty. He has, however, shown that the material sought is germane to his defense; that the material is not cumulative, as no discovery has yet occurred; and that the material is not speculative, given that Plaintiff—as guarantor of the loan—managed Renewable Fuels of Vermont, LLC, that that business failed, and that it ultimately defaulted on the guaranteed loan. Plaintiff, moreover, submits that Defendant's liability is beyond question,

while simultaneously admitting in his Motion for Summary Judgment the unusual circumstances of this guaranty, namely, the fact that one of two guarantors, who was also ultimately responsible for payment, has purchased an assignment of the creditor's rights.

While this Court is guided by case law from the Second Circuit in its interpretation of the Vermont Rules of Civil Procedure, it is bound by the dictates of the Vermont Supreme Court. It is these dictates that ultimately persuade the Court that Defendant should be given an opportunity to engage in discovery in order to properly oppose the Motion for Summary Judgment. The Vermont Supreme Court has held that "[s]ummary judgment is mandated under the plain language of V.R.C.P. 56(c) where, after an adequate time for discovery, a party 'fails to make a showing sufficient to establish the existence of an element' essential to his case and on which he has the burden of proof at trial." *Poplaski v. Lamphere*, 152 Vt. 251, 254–55 (1989) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

Moreover, "Rule 56 does not require that summary judgment motion decisions await completion of discovery," but it does require "an adequate time for discovery." *Bushey v. Allstate Ins. Co.*, 164 Vt. 399, 405 (1995). A party opposing summary judgment must be afforded "an adequate opportunity to engage in discovery before being required to respond to the motion." *Al Baraka Bancorp (Chicago), Inc. v. Hilweh*, 163 Vt. 148, 156 (1994). In *Doe v. Doe*, 172 Vt. 533, 535 (2001), the Court held that summary judgment was premature "where less than a month had elapsed from the time defendant answered the complaint to the time it moved for summary judgment and no discovery had been completed." Additionally, in *Town of Victory v. State*, 174 Vt. 539, 543–44 (2002), the Court found the trial court's grant of summary judgment premature where the nonmoving party "in effect, had no opportunity for discovery," even though it had detailed why it would need discovery and the information was uniquely in the custody of the moving party.

Similarly, here, the case is in an incipient stage, no discovery has been undertaken, and the material sought is singularly in Plaintiff's hands. Defendant, moreover, has identified a course of defense in the circumstances surrounding Drunsic's management of the failed company and its subsequent default of the guaranteed loan. He has shown that the material sought is germane to the defense, and that it is neither cumulative nor speculative. There is also the unusual circumstance that one guarantor who was ultimately responsible for the default has purchased an assignment of the creditor's rights. Finally, the Court is mindful of Rule 1's admonishment that the courts are to administer the rules flexibly in the interests of doing justice. See V.R.C.P. 1; Reporter's Notes to V.R.C.P. 1. This balance of considerations persuades the Court that Defendant should be allowed an adequate time to engage in discovery before opposing this early Motion for summary judgment. The amount of time requested should be enough time for this purpose.

**ORDER**

Pursuant to V.R.C.P. 6(b)(1)(A) and 56(d), Defendant's Motion for Extension of Time in which to Respond to the Motion for Summary Judgment is hereby GRANTED. Defendant shall have until January 15, 2019 to respond to the Motion for Summary Judgment.



David Barra
Superior Court Judge

Notifications:
John D. Stasny (ERN 7861), Attorney for Plaintiff William J. Drunsic
John D. Stasny (ERN 7861), Attorney for Plaintiff Transportation Management
John J. Kennelly (ERN 2039), Attorney for Defendant Pellet Property Holdings, LLC
Gary R. Kupferer (ERN 3547), Attorney for Defendant Daniel Querrey