VERMONT SUPERIOR COURT

Environmental Division        Docket No. 25-ENV-00048
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



| Redmond Road JO 4-451 |
|---|

## ENTRY REGARDING MOTION

Title:        Request to Defer Motion for Summary Judgment (Motion: 3)
Filer:        Justin B. Barnard, Esq.
Filed Date:        October 20, 2025

Opposition to Request to Defer Motion for Summary Judgment, filed by Mark G. Hall, Esq., on October 23, 2025.

Reply in Support of Request to Defer, filed by Anne B. Rosenblum, Esq., on November 5, 2025.

**The motion is GRANTED IN PART and DENIED IN PART**.

This is an appeal by Casella Waste Management, Inc. (Casella) of a May 29, 2025 jurisdictional opinion of the District Coordinator of the District 4 Environmental Commission (the JO) concluding that Chittenden Solid Waste District (CSWD) did not need an Act 250 permit for the construction of a materials recycling facility (the MRF) at property located on Redmond Road, Willison, Vermont (the Property).

This Court held its initial status conference in this matter on September 8, 2025. At this conference, the parties, through counsel, expressed differences of opinion on how to marshal this matter towards resolution. Namely, CSWD wished to resolve this matter through an immediate motion for summary judgment and Casella believed that discovery was necessary before reaching the merits of the matter, either on motion or otherwise. The Court directed CSWD to file its motion for summary judgment in October and noted that after review of the motion Casella has the opportunity to request the Court to defer ruling on the motion to allow for discovery. CSWD filed its motion and Casella now requests that the Court defer ruling upon the motion until Casella can conduct discovery, as outlined, in Casella's request. CSWD opposes the motion.

Pursuant to V.R.C.P. 56(d), when a nonmoving party shows by affidavit or declaration that it cannot present facts essential to justify its opposition, the Court may defer considering the motion and allow time to take discovery. See V.R..C.P. 56(d)(1)-(2).

The Vermont Supreme Court has recognized that, typically, the Court decides motions for summary judgment after adequate time for discovery. See Poplaski v. Lamphere, 152 Vt. 251, 254—55 (1989); see also Doe v. Doe, 172 Vt. 533, 534 (2001) (mem.) (noting that a one-month period between filing a complaint and a motion for summary judgment did not provide sufficient time for discovery). The Court notes that this Court's procedures and appellate review status provides a somewhat different procedural and/or factual posture than those presented in a traditional civil case.[1] Here, CSWD submitted a request for the JO to the District Coordination and provided documentation in support of its assertion that the MRF does not require an Act 250 permit. Casella is in possession of those documents and the basis of CSWD's claim of no Act 250 jurisdiction.

The Court further notes the unique circumstances of an Act 250 jurisdictional opinion and an appeal thereof. A jurisdictional opinion, while it may create a final decision, is in some respects "a statutory authorization for a district coordinator, and this Court on appeal, to render an advisory opinion as to whether a proposed development requires a state land use permit." In re WhistlePig, LLC Act 250 JO, No. 21-2-13 Vtec, slip op. at 11 (Vt. Super. Ct. Envtl. Div. Apr. 11, 2014) (Durkin, J.) (citation omitted). In this context, a jurisdictional opinion "is only as good as the facts presented to the District Coordinator." In re Laberge Shooting Range JO, No. 96-8-16 Vtec, slip op. at 18 (Vt. Super. Ct. Envtl. Div. Aug. 15, 2017) (Walsh, J.) (citations omitted).

While the Court understands CSWD's concerns with allowing discovery beyond what it provided to the District Coordinator, that concern must be balanced with the present appellate posture of the case and the above-referenced precedent from the Vermont Supreme Court. Thus, the Court **GRANTS IN PART** Casella's motion to defer ruling upon CSWD's motion for summary judgment to allow it to perform discovery. The Court will, however, limit that discovery as set forth herein. Therefore, the Court **DENIES IN PART** Casella's motion to the extent it seeks unfettered discovery from CSWD.

---

[1] The Court also notes that, while this appeal was initially filed in June 2025, the initial status conference was not held until early September 2025, one month before the pending motion was filed. No discovery schedule had been put in place following the appeal. While this does not prevent any party from moving forward with reasonable discovery, in this matter, Casella's motion for party status was not granted until the same day as the initial status conference. Thus, while not necessary to delay discovery, it is reasonable that Casella did not begin to undertake discovery until after its motion for party status was granted.

The Court has authority to limit discovery. See V.R.E.C.P. 2(c).The issue before the Court is whether CSWD's MRF is exempt from Act 250 permitting because it is a municipal project not exceeding 10 acres, and therefore, does not constitute development" as defined by Act 250. Also at the center of this matter is whether a permit amendment to other CSWD permits is required because the MRF will bear a relationship to those subject parcels.[2]   Limited, targeted discovery on these issues is warranted. Discovery beyond these issues is not allowed.

The Court sets a February 1, 2025 deadline for Casella to file its response to the pending motion.   Discovery within the limited confines of this Entry Order shall take place to allow for the February 1 response deadline.[3]  Responses may be filed as provided by V.R.C.P.  Given this liberal extension, the Court will not grant further extensions of this deadline without a clear showing of good cause.  The Court requests all parties work together to ensure this deadline is met.

Electronically signed November 18, 2025 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[2] It is for this reason that CSWD's previously withdrawn application for an Act 250 permit for another materials recycling facility is irrelevant to the present question of Act 250 jurisdiction for this MRF.

[3] The Court would have been inclined to impose a 45-day deadline to complete this discovery but recognizes that the multiple holiday period falls within those 45 days that may make scheduling depositions difficult.  Should the parties be able to complete discovery before the holidays, the Court would appreciate expeditious filings.