Vermont Superior Court
Filed 03/13/26
Addison Unit

VERMONT SUPERIOR COURT
Addison Unit
7 Mahady Court
Middlebury VT 05753
802-388-7741
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-04554

| Aniello Zampella v. Henry Romp |
| --- |

## ENTRY REGARDING MOTION

Title:        Motion for Summary Judgment  (Motion: 1)
Filer:        Hans G. Huessy
Filed Date:   December 10, 2025

Plaintiff Aniello Zampella filed this case on October 20, 2025, and styled his complaint as an action for eviction.  On December 10, 2025, he moved for summary judgment, which is currently before the court.  Plaintiff asserts that (1) Defendant Henry Romp resides in Plaintiff's property, (2) there is no lease agreement related to Defendant's occupancy of the property, (3) Plaintiff had agreed to let Defendant reside at the property with the understanding that Defendant would work for Plaintiff, (4) Defendant had now stopped working for Plaintiff, (5) Defendant did not exercise an option to purchase the property, which option has now expired, and (6) Plaintiff terminated Defendant's tenancy by providing him a valid notice dated August 14, 2025.

Defendant is self-represented, and has not, at first, properly responded to Plaintiff's motion.  After urging by the court, Defendant filed a written opposition, which though still does not strictly comply with the requirement of Rule 56 of Vermont's Rules Civil Procedure that a nonmoving party responding to a statement of undisputed material facts "file a paragraph-by-paragraph response, *with specific citations to particular parts of materials in the record that the responding party asserts demonstrate a dispute.*" See V.R.C.P. 56(c)(2) (emphasis added).

Defendant has, however, requested that the court defer its decision on Plaintiff's motion and allow further discovery under Rule 56(d). See V.R.P.C. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may … defer considering the motion or deny it; … allow time to obtain affidavits or declarations, or to take discovery; or … issue any other appropriate order.").  The request is accompanied by Defendant's own affidavit and advances several grounds in support of deferral.  Defendant had also attempted to file counterclaims at the early stage of the case, which, the court has rejected as improperly filed. See Entry Regarding Motion (filed Jan. 12, 2026) ("Plaintiff also seeks to bifurcate his complaint from defendant's counterclaims. That motion is premature and therefore denied. Defendant's motion to extend the time to file an answer and counterclaim was denied.  There is, at this time, no counterclaim to bifurcate.").  Defendant has not attempted to refile the counterclaim.

## Conclusions

The court will deny Plaintiff's motion at this time.  Several considerations militate in favor of this decision.  First, the motion was filed after a relatively short time after the complaint.

The factual record in the case is not particularly well-developed. And, Defendant is self-represented and has not had adequate opportunity to engage in discovery. Allowing discovery may help elucidate whether this case is, in fact, a simple eviction action.

Under Rule 56, a motion for summary judgment may be filed "at any time until 30 days after the close of all discovery." V.R.C.P. 56(b). It is not required in all cases that discovery be completed before such a motion is filed. *Moyers v. Poon*, 2017 WL 2963438, at \*3 (Vt. June 2017) (unpub. mem.) (citation omitted). However, there should be "an adequate time for discovery." *Doe v. Doe*, 172 Vt. 533, 534 (2001) (mem.) (quotation omitted). Indeed, the nonmovant must be afforded "an adequate opportunity to engage in discovery before being required to respond to the motion." *Al Baraka Bancorp (Chicago), Inc. v. Hilweh*, 163 Vt. 148, 156 (1994); see also *Bushey v. Allstate Ins. Co.*, 164 Vt. 399, 405 (1995) (rejecting plaintiff's claim that summary judgment was premature where discovery, although not complete, had produced "a substantial amount of information," including depositions of defendant's personnel and its experts and responses to written interrogatories); *Poplaski v. Lamphere*, 152 Vt. 251, 255 (1989) (plaintiff had adequate time for discovery where she had sixteen months between the filing of the complaint and the summary judgment hearing and more than eight months from the signing of a discovery schedule to complete depositions).

Here, Plaintiff has moved for summary judgment less than two months after filing his complaint. There is no discovery schedule in place. In several of his assertions of fact, Plaintiff relies solely on the assertions in his own affidavits, see SUMF (filed Dec. 10, 2025), ¶¶ 1–4, which Defendant has not had the opportunity to explore through deposition, see *In re Shenandoah LLC*, 2011 VT 68, ¶ 17, 190 Vt. 149 ("It is well-established that ultimate or conclusory facts and conclusions of law cannot be utilized on a summary-judgment motion"). The court concludes that the factual record in this case is simply not developed enough, and there has not been adequate time for discovery. As such, it would not be efficient for the court to address the issues raised at this time.

Separately, the court notes that summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). To show that a fact is disputed, the nonmoving party must file a response, "with specific citations to particular parts of materials in the record that the responding party asserts demonstrate a dispute." V.R.C.P. 56(c)(2). Although Defendant has largely failed to comply with this requirement, "in some situations, the trial court may exercise its discretion and refuse to grant summary judgment even though the legal standard appears to have been satisfied." *Margison v. Spriggs*, 146 Vt. 116, 119 (1985). This could be the case where the court is "clearly apprised of important and relevant facts which could have defeated the motion for summary judgment though offered in a manner arguably not in compliance with the rule." *Bingham v. Tenney*, 154 Vt. 96, 101 (1990). The court also may afford some leeway to a pro se litigant. *Zorn v. Smith*, 2011 VT 10, ¶ 22, 189 Vt. 219.

The court is satisfied by the grounds for deferral advanced in Defendant's motion and accompanying affidavit. Defendant shall have additional time to complete discovery. The court will, however, limit the scope of the discovery to those issues raised in Defendant's motion and

affidavit, and instructs Defendant that it shall be completed with all deliberate speed. See V.R.C.P. 56(d); 10B Wright & Miller, Federal Practice & Procedure: Civil § 2740 (4th ed.).

Lastly, but perhaps most crucially, the court will caution Defendant that in filing with the court, a party is certifying, to the best of its knowledge, that its legal contentions are warranted by existing law. See V.R.C.P. 11(b)(2). Inventing a legal authority and presenting it to the court for a particular proposition is unacceptable. See Defendant's Motion for Continuance (filed Feb. 13, 2026) (citing nonexistent *Estate of Calderwood*, 2020 VT 3, ¶ 13)) and compare with *In re H.T.*, 2020 VT 3, ¶ 13 (case that Defendant actually cites, recounting background of CHINS case at paragraph 13). Whatever might have led to Defendant citing *Calderwood*, he should keep in mind that similar violations of Rule 11 rule in the future may lead to sanctions. See V.R.C.P. 11(c).

## Order

For the foregoing reasons, Plaintiff's motion is DENIED at this time, without prejudice to renewal after Plaintiff has had a fair and reasonable opportunity to conduct appropriate discovery.

**Signed electronically March 13, 2026 pursuant to V.R.E.F 9(d).**

_____
**David Barra**
**Superior Court Judge**